IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIELA NIEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:20-cv-320 |
| v. | ) |
| | ) JURY DEMANDED |
| CARMEL CLAY SCHOOLS, | ) |
| CHRIS PLUMB, JOHN GOELZ, and | ) |
| RED ROOF INN, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Comes now Plaintiff Gabriela Nieves, by counsel, and for her Complaint for Damages against Defendants, states as follows:

**INTRODUCTION**

Gabriela Nieves is an 18-year-old University student and former student-athlete swimmer at Carmel High School. While attending Carmel High School and competing for its swim team, Miss Nieves was savagely and repeatedly raped and sodomized by an employee of the Carmel Clay Schools: John Goelz. Despite having warning that coach Goelz was acting inappropriately with female swimmers, the Carmel Clay Schools and Chris Plumb failed to act to protect Ms. Neives.

**PARTIES**

1. Gabriela Nieves is a natural person and a citizen of the United States. She currently resides in Monroe County, Indiana. She may be served through her attorneys, whose contact information appears below.

2. Carmel Clay Schools operates the public schools for the City of Carmel, Indiana, including Carmel High School ("CHS"). It may be served at the following location: 5201 East Main Street, Carmel, IN 46033.

3. Chris Plumb is an employee/agent/representative of the Carmel Clay Schools. Mr. Plumb can be served at 5201 East Main Street Carmel, Indiana 46033.

4. John Goelz is, or was, a swim coach at CHS and is, or was, employed by CHS. He is currently incarcerated and can be served at FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887.

5. Red Roof Inn is a for-profit corporation, they can be served through their registered agent, CT Corporation Systems, 36 South Pennsylvania Street, Suite 700 Indianapolis, Indiana, 46204.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction of the federal questions presented herein pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Miss Nieves' state law claims.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), for the events or omissions giving rise to these claims arose in this District.

## FACTS

9. In August 2017, Miss Nieves was a 16-year-old junior at Carmel High School and a member of the school's swim team.

10. Goelz began to "groom" Miss Nieves (as that term is used in the context of child molestation) in or around August of 2017.

11.     In the fall of 2017, parents of other Carmel swimmers relayed to Defendant Plumb their concerns that Goelz's interactions with the female swimmers was inappropriate.

12.     In November 2017, Goelz isolated Miss Nieves in the lifeguard room at Carmel High School and made inappropriate comments about her virginity.

13.     Throughout December 2017 and into January 2018, Goelz began texting Miss Nieves individually.

14.     Goelz's grooming of Miss Nieves culminated in February of 2018.

15.     On or around February 17, 2018 (the date of the Boys' Sectional Swim Meet), Miss Nieves was subjected to her first sexual experience.

16.     It was with Goelz.

17.     On or around February 21, 2018, Goelz subjected Miss Nieves to vaginal intercourse.

18.     On that second occasion in February 2018, Goelz pressured Miss Nieves to submit to anal sex.

19.     Miss Nieves refused to have anal intercourse with Coach Goelz.

20.     On or around March 5, 2018 (after a divisional swim meet), Goelz engaged in sexual activity with Miss Nieves again.

21.     On that first March 2018 occasion, Goelz again tried to force Miss Nieves to submit to anal sex.

22.     Ms. Nieves fought Coach Goelz and did not allow Coach Goelz to anally rape her.

23.     Goelz had been so aggressive in his attempts to make Miss Nieves have anal sex with him that he called her later that evening to apologize for his behavior.

24.     Miss Nieves endured at least one other sexual encounter with Goelz in March

2018, at least one sexual encounter in April 2018 (after spring break), and at least one sexual encounter in May 2018 (after prom).

25. Most of the vaginal intercourse occurred at Goelz's apartment.

26. Goelz was sometimes rough with Miss Nieves during intercourse, but usually apologized to her afterwards.

27. Throughout the spring, Goelz "made out" with Miss Nieves in more public settings, such as during swim practice at the Woodland Country Club.

28. Goelz's conduct (as described above and below) constitutes criminal child seduction (in this case, a level 5 felony), codified at Ind. Code § 35-42-4-7.

29. In June of 2018, Goelz took Miss Nieves to the Red Roof Inn in Anderson, Indiana to engage in sexual intercourse with her.

30. Miss Nieves was only 17-years-old at this time.

31. Goelz was very rough with Miss Nieves during this encounter.

32. Goelz did not stop being rough when Miss Nieves asked him to stop.

33. Goelz filmed his sordid and illegal encounter with Miss Nieves at the Red Roof Inn using his cell phone.

34. This led to his charges and conviction for child pornography in January 2019.

35. It is a well-known fact that hotels and motels are hot spots for sex traffickers and child molesters and responsible owners are training their employees in how to help prevent and report suspected child sexual exploitation.[1]

36. The Red Roof Inn failed to question, stop, or at any time inquire as to why Defendant Goelz was checking into their hotel with an obviously young girl.

37. Training information for the hospitality industry is readily available and

---

[1] https://www.bbc.com/news/business-47201210

4

accessible (https://www.dhs.gov/blue-campaign/hospitalityindustry).

38. If Red Roof Inn had any way properly trained their employees on sexual trafficking and child exploitation in the hospitality industry, they could have asked Miss Nieves for identification or any way inquired into her age, preventing this specific instance of child exploitation and production of child pornography.

39. Goelz continued to have sex with Miss Nieves throughout Summer 2018 until his arrest on July 2, 2018.

40. Prior to February 2018, Mr. Plumb and Carmel Clay Schools were aware that their employee, Goelz, was having inappropriate relationships and contacts with his female swimmers.

41. The Carmel Clay Schools have a long history of tolerating sexual relationships between their coaches, teachers, and staff and underage students.

42. The Carmel Clay Schools have historically failed to report sexual relationships between their staff, employees, volunteers, and coaches to law enforcement as required by Indiana law.

43. Chris Plumb was warned by parents of his swimmers that Goelz was having inappropriate contact with young female swimmers.

44. Chris Plumb failed to report these allegations to law enforcement.

45. Chris Plumb warned Goelz that parents were becoming suspicious of his interactions with athletes of both the Carmel Clay Swim Team and the Carmel Swim Club.

46. Defendants Plumb, and Carmel Clay Schools created and maintained the environment and conditions necessary for Goelz to access, groom, and ultimately rape Miss Nieves.

47. Defendants Plumb and the Carmel Clay Schools failed to supervise Goelz.

48. Mr. Plumb and the Carmel Clay Schools failed to protect Miss Nieves.

49. When appropriate action was finally taken against Goelz and he was charged criminally, Miss Nieves was ostracized by her fellow students at Carmel High School

50. Other members of her swim team called Miss Nieves a "slut."

51. Other members of her swim team called Miss Nieves a "whore."

52. Miss Nieves was so tormented by her teammates that she was forced to quit the sport of swimming altogether.

## CAUSES OF ACTION

### Count 1: Title IX
### (v. Carmel Clay Schools)

53. The foregoing paragraphs are incorporated by reference as though fully reinstated herein.

54. Carmel Clay Schools receive federal funding.

55. At least one appropriate person within Carmel Clay Schools had actual knowledge that Goelz was behaving in a sexually inappropriate manner towards Miss Nieves.

56. Carmel Clay Schools acted with deliberate indifference towards the safety and security of its student, Miss Nieves, when it failed to take any action whatsoever in response to the complaints regarding Goelz's behavior.

57. Carmel Clay Schools did nothing to investigate the complaints against Goelz.

58. Carmel Clay Schools continued to allow Goelz unfettered and unsupervised access to its student athletes, including Miss Nieves.

59. Carmel Clay Schools continued to employ Goelz.

60. Carmel Clay Schools did not report the complaints regarding Goelz to law

6

enforcement.

61. Carmel Clay Schools did nothing to protect Miss Nieves.

62. Miss Nieves was subjected to months of grooming and sexual abuse as a direct result of Carmel Clay Schools' complete and deliberate indifference to the situation and her safety.

63. Miss Nieves was made the subject of child pornography as a direct result of Carmel Clay Schools' complete and deliberate indifference to the situation and her safety.

64. As a result of Carmel Clay Schools' complete and deliberate indifference to the situation and her safety, Miss Nieves was effectively barred access to an equal opportunity to an education.

**Count 2: Sexual Exploitation of Children in Violation of 18 U.S.C. § 2251(a) and (e)**
**(v. John Goelz)**

65. The foregoing paragraphs are incorporated by reference as though fully restated herein.

66. Miss Nieves is authorized to bring this civil claim against Goelz pursuant to the civil remedies provision of 18 U.S.C. § 2255.

67. When Goelz used his cell phone to record a video of his sexual assault of Miss Nieves, he employed, used, persuaded, induced, enticed, or coerced Miss Nieves to engage in sexual acts with the intent that she engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct (i.e., child pornography).

68. When Goelz used his cell phone to record of video of his sexual assault of Miss Nieves, Goelz produced child pornography using a device that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

69. Goelz's actions violate 18 U.S.C. § 2251.

70. Goelz pleaded guilty to the sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e).

71. Miss Nieves is a victim of the above-described violations of Section 2251 and has suffered serious personal injury as a result of this violation.

### Count 3: Battery
### (v. John Goelz)

72. The foregoing paragraphs are incorporated by reference as though fully restated herein.

73. Goelz's sexual encounters, and each of them, constituted harmful and offensive contact with Miss Nieves.

74. As a result of the multiple sexual encounters with Goelz, Miss Nieves suffered severe and permanent injuries of a physical, emotional, and/or financial nature.

75. The extent of Miss Nieves' damages is a matter to be addressed by a jury.

### Count 4: Invasion of Privacy (Intrusion into Seclusion)
### (v. John Goelz)

76. The foregoing paragraphs are incorporated by reference as though fully restated herein.

77. Goelz took and secured video of his sexual assault of Miss Nieves in his room in the Red Roof Inn.

78. This intrusion into Miss Nieves' physical solitude or seclusion would be offensive or objectionable to a reasonable person.

79. Miss Nieves has suffered and continues to suffer personal injury, pain and suffering, and emotional distress as a result of Goelz's conduct.

## Count 5: Negligence
### (v. Chris Plumb, Carmel Clay Schools)

80. The foregoing paragraphs are incorporated by reference as though fully restated herein.

81. The above-identified defendants owed a duty of reasonable care to Miss Nieves to keep her safe while in their care and at their facilities and meets.

82. These defendants, individually and collectively, breached their duty in the following, non-exclusive ways:

   a. By failing to adequately screen or vet potential employees and volunteers;

   b. By failing to adequately train employees and volunteers;

   c. By failing to adequately supervise employees and volunteers;

   d. By failing to adequately educate the young people in their care about appropriate and inappropriate relationships with employees and volunteers;

   e. By failing to adequately respond to reports of inappropriate conduct; and

   f. By turning a blind eye to the nefarious malfeasance of coaches in the swimming world for decades, thus allowing a culture of sexual abuse and rape to persist.

83. These defendants' breaches of duty were the direct and proximate cause of the injuries sustained by Miss Nieves.

84. But for the negligence of these defendants, Goelz would not have been successful in his grooming and cultivation of Miss Nieves.

85. But for the negligence of these defendants, Miss Nieves would not have had to endure nearly a year of sexual encounters with her high school swim coach before her 18th birthday.

86. As a result of the negligence of these defendants, Miss Nieves suffered severe and permanent injuries of a physical, emotional, and/or financial nature.

87. The extent of Miss Nieves' damages is a matter to be addressed by a jury.

### Count 6: Negligence
### (v. Red Roof Inn)

88. The foregoing paragraphs are incorporated by reference as though fully restated herein.

89. Defendant Red Roof Inn had a duty of reasonable care to ensure the safety of its guests and the legal use of its premises.

90. Defendant Red Roof Inn breached its duty by, at least, failing to adequately train its staff to prevent sex crimes from happening on its premises.

91. Defendant's breach of duty and care was the direct and proximate cause of injuries sustained by Miss Nieves.

92. Miss Nieves suffered severe and permanent injuries as a result of the production of child pornography by Goelz at Red Roof Inn.

93. Miss Nieves suffered severe and permanent injuries as a result of the sexual interaction with Goelz at Red Roof Inn.

94. The extent of Miss Nieves' damages is a matter to be addressed by a jury.

### PRAYER FOR RELIEF

Miss Nieves prays that the Court enter judgment in her favor and against Defendants, for compensatory, punitive, and/or liquidated damages, as the case may be, costs, reasonable attorney's fees, as may be permitted by law, and for all other relief just and proper in the premises.

## JURY DEMAND

Miss Nieves demands a jury on all issues and matters so triable.

> Respectfully submitted,
>
> s/ *Jonathan Little*
> Jonathan Little, No. 27421-49
> Jessica Wegg No. 28693-49
> Saeed & Little, LLP
> #189 - 133 W. Market St.
> Indianapolis, IN 46204
> (317)- 721-9214
> jon@sllawfirm.com
> jessica@sllawfirm.com