UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIELA NIEVES, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 1:20-cv-320-JMS-DML |
| CARMEL CLAY SCHOOLS, CHRIS PLUMB, JOHN GOELZ, and RED ROOF INN, | ) ) ) ) |
|     Defendants. | ) ) |

**DEFENDANT, JOHN GOELZ'S,
ANSWER, AFFIRMATIVE DEFENSES, & JURY DEMAND**

Defendant, John Goelz ("Mr. Goelz"), by counsel, METZGER ROSTA, LLP, for his Answer & Affirmative Defenses to Plaintiff, Gabriella Nieves's ("Ms. Nieves") *Complaint for Damages* states:

**INTRODUCTION**

The allegations contained in Ms. Nieves' "Introduction" are denied and the same should be stricken pursuant to FRCP 12(f) as they are untrue, scandalous, and defamatory; completely contradict Ms. Nieves' own statements; and the only purpose of such is to inflame and prejudice Mr. Goelz.

**PARTIES**

1. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 1.

2. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 2.

1

3. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 3.

4. Mr. Goelz admits he was a volunteer swim coach at CHS and that he is currently incarcerated.  Mr. Goelz lacks information sufficient to form a belief as to the truth of the remaining material allegations of rhetorical paragraph 4.

5. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 5.

## JURISDICTION AND VENUE

6. The material allegations of rhetorical paragraph 6 state a legal conclusion, to which no response is required.  To the extent a response of Mr. Goelz may be required, Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 6.

7. The material allegations of rhetorical paragraph 7 state a legal conclusion, to which no response is required.  To the extent a response of Mr. Goelz may be required, Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 7.

8. The material allegations of rhetorical paragraph 8 state a legal conclusion, to which no response is required.  To the extent a response of Mr. Goelz may be required, Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 8.

## FACTS

9. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 9.

10. Mr. Goelz denies all the material allegations of rhetorical paragraph 10.

11. Mr. Goelz denies all the material allegations of rhetorical paragraph 11.

12. Mr. Goelz denies all the material allegations of rhetorical paragraph 12.

13. Mr. Goelz admits the material allegations of rhetorical paragraph 13.

14. Mr. Goelz denies all the material allegations of rhetorical paragraph 14.

15. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 15.

16. Mr. Goelz admits he had consensual sex with Ms. Nieves and denies the remaining material allegations of rhetorical paragraph 16.

17. Mr. Goelz admits he had consensual sex with Ms. Nieves on or about February 21, 2018 and denies the remaining material allegations of rhetorical paragraph 17.

18. Mr. Goelz denies all the material allegations of rhetorical paragraph 18.

19. Mr. Goelz admits he did not have anal sexual intercourse with Ms. Nieves on the occasion described in rhetorical paragraph 19. Mr. Goelz denies the remaining material allegations of rhetorical paragraph 19.

20. Mr. Goelz admits he had consensual sex with Ms. Nieves on or about March 5, 2018 and denies the remaining material allegations of rhetorical paragraph 20.

21. Mr. Goelz denies all the material allegations of rhetorical paragraph 21.

22. Mr. Goelz denies he tried to anally rape Ms. Nieves and denies the remaining material

allegations of rhetorical paragraph 22.

23. Mr. Goelz denies he tried to make Ms. Nieves have anal sex with him and denies all the remaining material allegations of rhetorical paragraph 23.

24. Mr. Goelz admits he had consensual sex with Ms. Nieves on or about March, April, and/or May 2018 and denies the remaining material allegations of rhetorical paragraph 24.

25. Mr. Goelz admits he had consensual sex with Ms. Nieves at his apartment and denies the remaining material allegations of rhetorical paragraph 25.

26. Mr. Goelz denies he was ever rough with Ms. Nieves during their consensual sexual encounters and denies the remaining material allegations of rhetorical paragraph 26.

27. Mr. Goelz denies the material allegations of rhetorical paragraph 27.

28. The material allegations of rhetorical paragraph 28 state a legal conclusion, to which no response is required.  To the extent a response of Mr. Goelz may be required, Mr. Goelz denies the material allegations of rhetorical paragraph 28.

29. Mr. Goelz admits he and Ms. Nieves had consensual sex at a Red Roof Inn on or about June 2018 and denies the remaining material allegations of rhetorical paragraph 29.

30. Mr. Goelz admits Ms. Nieves was 17 years old at the time Mr. Goelz and Ms. Nieves had consensual sex and denies the remaining material allegations of rhetorical paragraph 30.

31. Mr. Goel denies all the material allegations of rhetorical paragraph 31.

32. Mr. Goelz denies all the material allegations of rhetorical paragraph 32.

33. Mr. Goelz admits he and Ms. Nieves filmed their consensual sexual encounter at the Red Roof Inn with Mr. Goelz's cell phone and with Ms. Nieves' knowledge and consent.  Mr. Goelz denies the remaining material allegations of rhetorical paragraph 33.

34. In response to the material allegations of rhetorical paragraph 34, Mr. Goelz states than any such plea is a matter of public record.

35. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 35, including footnote 1.

36. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 36.

37. Mr. Goelz acks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 37.

38. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 38.

39. Mr. Goelz admits he had consensual sex with Ms. Nieves on or around the Summer of 2018 to July 2, 2018 and denies the remaining material allegations of rhetorical paragraph 39.

40. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 40.

41. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 41.

42. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 42.

43. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 43.

44. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 44.

45. Mr. Goelz denies the material allegations of rhetorical paragraph 45.

46. Mr. Goelz denies he groomed and/or raped Ms. Nieves and otherwise lacks information sufficient to form a belief as to the truth of the remaining material allegations of rhetorical paragraph 46.

47. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 47.

48. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 48.

49. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 49.

50. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 50.

51. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 51.

52. Mr. Goelz lacks information sufficient to form a belief as to the truth of the material allegations of rhetorical paragraph 52.

## **CAUSES OF ACTION**

### **Count 1: Title IX**
### **(v. Carmel-Clay Schools)**

53. The foregoing responses are incorporated by reference as if fully restated here.

54. The material allegations of rhetorical paragraphs 54-64 are not directed at Mr. Goelz and no response is required. To the extent a response is required, Mr. Goelz denies he raped, sexually assaulted, groomed, abused, or acted inappropriately regrading Ms. Nieves and otherwise denies all remaining material allegations involving any such conduct in these rhetorical paragraphs.

**Count 2: Sexual Exploitation of Children in Violation of 18 U.S.C. 2251(a) and (e)**
(v. John Goelz)

65. The foregoing responses are incorporated by reference as if fully restated here.

66. The material allegations of rhetorical paragraph 66 state a legal conclusion, to which no response is required. To the extent a response may be required, Mr. Goelz lacks information sufficient to form a belief as to the truth of these material allegations.

67. The material allegations of rhetorical paragraph 67 state a legal conclusion, to which no response is required. To the extent a response may be required, Mr. Goelz denies that he employed, used, persuaded, induced, enticed, or coerced Ms. Nieves to engage in sexual acts as described in the material allegations of rhetorical paragraph 67 and otherwise denies the remaining material allegations of rhetorical paragraph 67.

68. The material allegations of rhetorical paragraph 68 state a legal conclusion, to which no response is required. To the extent a response may be required, Mr. Goelz denies that he sexually assaulted Ms. Nieves and denies the remaining material allegations of rhetorical paragraph 68.

69. The material allegations of rhetorical paragraph 69 state a legal conclusion, to which no response is required. To the extent a response may be required, Mr. Goelz denies these material allegations.

70. The material allegations of rhetorical paragraph 70 state a legal conclusion, to which no response is required. To the extent a response may be required, Mr. Goelz states that any such plea is a matter of public record and speaks for itself.

71. The material allegations of rhetorical paragraph 71 state a legal conclusion, to which no response is required. To the extent a response may be required, Mr. Goelz denies these material allegations.

### Count 3: Battery
### (v. John Goelz)

72. The foregoing paragraphs are incorporated by reference as if fully restated here.

73. Mr. Goelz denies the material allegations of rhetorical paragraph 73.

74. Mr. Goelz denies the material allegations of rhetorical paragraph 74.

75. The material allegations of rhetorical paragraph 75 state a legal conclusion, to which no response is required. To the extent a response may be required, Mr. Goelz denies these material allegations.

### Count 4: Invasion of Privacy (Intrusion into Seclusion)
### (v. John Goelz)

76. The foregoing responses are incorporated by reference as though fully restated here.

77. Mr. Goelz denies that he sexually assaulted Ms. Nieves and otherwise denies the remaining material allegations of rhetorical paragraph 77.

78. Mr. Goelz denies the material allegations of rhetorical paragraph 78

79. Mr. Goelz denies the material allegations of rhetorical paragraph 79.

### Count 5: Negligence
### (v. Chris Plumb, Carmel Clay Schools)

80. The foregoing paragraphs are incorporated by reference as if fully restated here.

81-87. The material allegations of rhetorical paragraphs 81-87 are not directed at Mr. Goelz, therefore, no response by Mr. Goelz is required. To the extent a response may be required, Mr. Goelz denies that he groomed, cultivated, sexually assaulted, or otherwise harmed Ms. Nieves and denies the remaining material allegations of these rhetorical paragraphs.

### Count 6: Negligence
### (v. Red Roof Inn)

88. The foregoing allegations are incorporated by reference as if fully restated here.

89-94. The material allegations of rhetorical paragraphs 89-94 are not directed at Mr. Goelz, therefore, no response by Mr. Goelz is required. To the extent a response may be required, Mr. Goelz denies that he sexually assaulted or otherwise harmed Ms. Nieves and otherwise denies the material allegations of these rhetorical paragraphs.

### AFFIRMATIVE DEFENSES

Mr. Goelz, for his *Affirmative Defenses*, states:

1. Ms. Nieves' Complaint fails to state a claim upon which relief may be granted.

2. Ms. Nieves consented to and was a willing participant in the acts alleged and her claims are barred by her own consent.

3. Ms. Nieves' claims are barred by waiver, laches, and unclean hands.

4. Ms. Nieves' claims are barred by her own conduct.

5. Mr. Goelz reserves unto himself all defenses set forth at Rule 8(c) of the Federal Rules of Civil Procedure and such other defenses, affirmative or otherwise, as may prove applicable through discovery.

6. Ms. Nieves' claimed injuries and damages, if any, were proximately caused in whole or in part, by the negligence of non-parties, namely Carmel Swim Club.

7. Mr. Goelz reserves the right to assert such claims, counterclaims, third-party claims, or other claims as investigation and discovery may prove applicable, and hereby reserves unto himself all his rights associated with any such claim or potential claim.

8. Mr. Goelz is entitled to a set-off for any restitution monies previously paid.

9. The claim for punitive damages against the Mr. Goelz is in violation of the "double jeopardy" clause of the Indiana and United States Constitution, and thus unconstitutional.

10. Ms. Nieves is not entitled to recover any punitive damages from Mr. Goelz in that the vagueness and uncertainty of criteria for the imposition of punitive damages under Indiana law and the lack of fair notice of the prohibited conduct resulting from such vagueness and uncertainty violates Mr. Goelz's fundamental rights as guaranteed under the Federal and Indiana Constitutions.

11. Ms. Nieves' claims are groundless and frivolous.

12. Ms. Nieves is not entitled to recover any punitive damages from Mr. Goelz as such recovery, if permitted, would violate the excessive fines clause of the Indiana Constitution, Article I, Section 16.

13. Ms. Nieves is not entitled to recover any punitive damages from Mr. Goelz for the reason that the minimal procedural due process safeguards required by the United States Constitution and the Indiana Constitution are not satisfied by Indiana's punitive damage jury instructions, post-verdict trial court review process, and appellate review process.

14. Pursuant to FRCP 42(b), Mr. Goelz is entitled to a separate or bifurcated trial on the issue of liability and damages, and a separate or bifurcated trial of Ms. Nieves' alleged punitive damage claim.

15. Ms. Nieves' punitive damage claim against Mr. Goelz is subject to the limitations, reductions, and payment provisions of I.C. 34-51-3-4, 34-51-3-5, and 34-51-3-6.

16. Ms. Nieves' claims, all or part of them, are barred by the applicable statute of limitations.

17. Ms. Nieves may be judicially estopped from asserting the claims alleged in her Complaint.

18. Ms. Nieves' allegations of rape and sodomy are untrue, scandalous and should be stricken pursuant to FRCP 12(f).

## **JURY DEMAND**

Mr. Goelz respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

METZGER ROSTA LLP

_____
Tammy J. Meyer, #14612-49
Samantha A. Huettner #30113-53

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of March 2020, a copy of the foregoing has been filed electronically through the Court's ECF system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

| | |
|---|---|
| Jessica A. Wegg | Liberty L. Roberts |
| Jonathan C. Little | Church Church Hittle & Antrim |
| Saeed & Little LLP | Two North Ninth Street |
| 133 West Mark Street, No 189 | P.O. Box 10 |
| Indianapolis, IN 46204 | Noblesville, IN 46061 |
| jessica@sllawfirm.com | lroberts@cchalaw.com |
| jon@sllawfirm.com | *Attorney for Carmel Clay Schools* |
| *Attorneys for Plaintiff* | |

The foregoing was also served via U.S. Mail, postage prepaid, upon the parties listed below:

| | |
|---|---|
| Chris Plumb | Red Roof Inn |
| 5201 East Main Street | c/o CTC Corporation Systems |
| Carmel, IN 46033 | 36 Pennsylvania Street, Suite 700 |
| | Indianapolis, IN 46204 |

	Tammy J. Meyer

METZGER ROSTA LLP
32 S. 9th Street
Noblesville, IN 46060
(317) 219-4606