UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GABRIELA NIEVES;

   Plaintiff,

v.

CARMEL CLAY SCHOOLS, CHRIS PLUMB, JOHN GOELZ, and RED ROOF INN,

   Defendants.

Case No: 1:20-cv-00320-JMS-DML

## DEFENDANT CARMEL CLAY SCHOOLS' ANSWER AND AFFIRMATIVE DEFENSES

Defendant Carmel Clay Schools, by counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### PARTIES

1. Gabriela Nieves is a natural person and a citizen of the United States. She currently resides in Monroe County, Indiana. She may be served through her attorneys, whose contact information appears below.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of Plaintiff's Complaint.**

2. Carmel Clay Schools operates the public schools for the City of Carmel, Indiana, including Carmel High School ("CHS"). It may be served at the following location: 5201 East Main Street, Carmel, IN 46033.

**ANSWER: Defendant admits that it is operates a public school, including Carmel High School, and admits that it has been served with the Plaintiff's Complaint. Defendant denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.**

3. Chris Plumb is an employee/agent/representative of the Carmel Clay Schools. Mr. Plumb can be served at 5201 East Main Street Carmel, Indiana 46033.

**ANSWER: Defendant admits that Chris Plumb is an employee of Carmel Clay Schools. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 3 of Plaintiff's Complaint.**

4. John Goelz is, or was, a swim coach at CHS and is, or was, employed by CHS. He is currently incarcerated and can be served at FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887.

**ANSWER: Defendant admits that John Goelz was a volunteer swim coach with CHS. Defendant denies that John Goelz is or was employed by CHS. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 4 of Plaintiff's Complaint.**

5. Red Roof Inn is a for-profit corporation, they can be served through their registered agent, CT Corporation Systems, 36 South Pennsylvania Street, Suite 700 Indianapolis, Indiana, 46204.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 5 of Plaintiff's Complaint.**

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction of the federal questions presented herein pursuant to 28 U.S.C. § 1331.

**ANSWER: Defendant admits that as pled this Court has subject matter jurisdiction.**

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Miss Nieves' state law claims.

**ANSWER: Defendant admits that as pled this Court has supplemental jurisdiction over the pendent state law claims.**

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), for the events or omissions giving rise to these claims arose in this District.

**ANSWER: Defendant admits that venue is proper in this Court.**

## FACTS

9. In August 2017, Miss Nieves was a 16-year-old junior at Carmel High School and a member of the school's swim team.

**ANSWER: Defendant admit that Miss Nieves was a member of the Carmel High School Swim team. Defendant is without sufficient information to admit or deny the allegations in paragraph 9 of Plaintiff's Complaint.**

10. Goelz began to "groom" Miss Nieves (as that term is used in the context of child molestation) in or around August of 2017.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 10 of Plaintiff's Complaint.**

11. In the fall of 2017, parents of other Carmel swimmers relayed to Defendant Plumb their concerns that Goelz's interactions with the female swimmers was inappropriate.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 11 of Plaintiff's Complaint.**

12. In November 2017, Goelz isolated Miss Nieves in the lifeguard room at Carmel High School and made inappropriate comments about her virginity.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint.**

13. Throughout December 2017 and into January 2018, Goelz began texting Miss Nieves individually.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 13 of Plaintiff's Complaint.**

14. Goelz's grooming of Miss Nieves culminated in February of 2018.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 14 of Plaintiff's Complaint.**

15. On or around February 17, 2018 (the date of the Boys' Sectional Swim Meet), Miss Nieves was subjected to her first sexual experience.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 15 of Plaintiff's Complaint.**

16. It was with Goelz.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 16 of Plaintiff's Complaint.**

17. On or around February 21, 2018, Goelz subjected Miss Nieves to vaginal intercourse.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 17 of Plaintiff's Complaint.**

18. On that second occasion in February 2018, Goelz pressured Miss Nieves to submit to anal sex.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 18 of Plaintiff's Complaint.**

19. Miss Nieves refused to have anal intercourse with Coach Goelz.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 19 of Plaintiff's Complaint.**

20. On or around March 5, 2018 (after a divisional swim meet), Goelz engaged in sexual activity with Miss Nieves again.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 20 of Plaintiff's Complaint.**

21. On that first March 2018 occasion, Goelz again tried to force Miss Nieves to submit to anal sex.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 21 of Plaintiff's Complaint.**

22. Ms. Nieves fought Coach Goelz and did not allow Coach Goelz to anally rape her.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 22 of Plaintiff's Complaint.**

23. Goelz had been so aggressive in his attempts to make Miss Nieves have anal sex with him that he called her later that evening to apologize for his behavior.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint.**

24. Miss Nieves endured at least one other sexual encounter with Goelz in March 2018, at least one sexual encounter in April 2018 (after spring break), and at least one sexual encounter in May 2018 (after prom).

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 24 of Plaintiff's Complaint.**

25. Most of the vaginal intercourse occurred at Goelz's apartment.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 25 of Plaintiff's Complaint.**

26. Goelz was sometimes rough with Miss Nieves during intercourse, but usually apologized to her afterwards.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 26 of Plaintiff's Complaint.**

27. Throughout the spring, Goelz "made out" with Miss Nieves in more public settings, such as during swim practice at the Woodland Country Club.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 27 of Plaintiff's Complaint.**

28. Goelz's conduct (as described above and below) constitutes criminal child seduction (in this case, a level 5 felony), codified at Ind. Code § 35-42-4-7.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 28 of Plaintiff's Complaint.**

29. In June of 2018, Goelz took Miss Nieves to the Red Roof Inn in Anderson, Indiana to engage in sexual intercourse with her.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 29 of Plaintiff's Complaint.**

30. Miss Nieves was only 17-years-old at this time.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 30 of Plaintiff's Complaint.**

31. Goelz was very rough with Miss Nieves during this encounter.

**ANSWER: Defendant is without sufficient information to admit or deny the**

allegations in paragraph 31 of Plaintiff's Complaint.

32. Goelz did not stop being rough when Miss Nieves asked him to stop.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 32 of Plaintiff's Complaint.**

33. Goelz filmed his sordid and illegal encounter with Miss Nieves at the Red Roof Inn using his cell phone.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 33 of Plaintiff's Complaint.**

34. This led to his charges and conviction for child pornography in January 2019.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 34 of Plaintiff's Complaint.**

35. It is a well-known fact that hotels and motels are hot spots for sex traffickers and child molesters and responsible owners are training their employees in how to help prevent and report suspected child sexual exploitation.[1]

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 35 of Plaintiff's Complaint.**

36. The Red Roof Inn failed to question, stop, or at any time inquire as to why Defendant Goelz was checking into their hotel with an obviously young girl.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 36 of Plaintiff's Complaint.**

37. Training information for the hospitality industry is readily available and accessible (https://www.dhs.gov/blue-campaign/hospitalityindustry).

---

[1] https://www.bbc.com/news/business-47201210

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 37 of Plaintiff's Complaint.**

38. If Red Roof Inn had any way properly trained their employees on sexual trafficking and child exploitation in the hospitality industry, they could have asked Miss Nieves for identification or any way inquired into her age, preventing this specific instance of child exploitation and production of child pornography.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 38 of Plaintiff's Complaint.**

39. Goelz continued to have sex with Miss Nieves throughout Summer 2018 until his arrest on July 2, 2018.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 39 of Plaintiff's Complaint.**

40. Prior to February 2018, Mr. Plumb and Carmel Clay Schools were aware that their employee, Goelz, was having inappropriate relationships and contacts with his female swimmers.

**ANSWER: Defendant denies that Goelz was its employee and denies that it was aware that Goelz was having inappropriate relationships and contacts with female students. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 40 of Plaintiff's Complaint.**

41. The Carmel Clay Schools have a long history of tolerating sexual relationships between their coaches, teachers, and staff and underage students.

**ANSWER: Defendant denies the allegations in paragraph 41 of Plaintiff's Complaint.**

42. The Carmel Clay Schools have historically failed to report sexual relationships between their staff, employees, volunteers, and coaches to law enforcement as required by Indiana

law.

**ANSWER: Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.**

43. Chris Plumb was warned by parents of his swimmers that Goelz was having inappropriate contact with young female swimmers.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 43 of Plaintiff's Complaint.**

44. Chris Plumb failed to report these allegations to law enforcement.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 44 of Plaintiff's Complaint.**

45. Chris Plumb warned Goelz that parents were becoming suspicious of his interactions with athletes of both the Carmel Clay Swim Team and the Carmel Swim Club.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 45 of Plaintiff's Complaint.**

46. Defendants Plumb, and Carmel Clay Schools created and maintained the environment and conditions necessary for Goelz to access, groom, and ultimately rape Miss Nieves.

**ANSWER: Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.**

47. Defendants Plumb and the Carmel Clay Schools failed to supervise Goelz.

**ANSWER: Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.**

48. Mr. Plumb and the Carmel Clay Schools failed to protect Miss Nieves.

**ANSWER: Defendant denies the allegations in paragraph 48 of Plaintiff's Complaint.**

49. When appropriate action was finally taken against Goelz and he was charged criminally, Miss Nieves was ostracized by her fellow students at Carmel High School.

**ANSWER: Defendant admits that Goelz was charged criminally. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 49 of Plaintiff's Complaint.**

50. Other members of her swim team called Miss Nieves a "slut."

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 50 of Plaintiff's Complaint.**

51. Other members of her swim team called Miss Nieves a "whore."

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 51 of Plaintiff's Complaint.**

52. Miss Nieves was so tormented by her teammates that she was forced to quit the sport of swimming altogether.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 52 of Plaintiff's Complaint.**

**CAUSES OF ACTION**

**<u>Count 1: Title IX</u>**
**(v. Carmel Clay Schools)**

53. The foregoing paragraphs are incorporated by reference as though fully reinstated herein.

**ANSWER: Defendant hereby incorporates by reference its Answers to paragraphs 1- 52 of Plaintiff's Complaint.**

54. Carmel Clay Schools receive federal funding.

**ANSWER: Defendant admits the allegations in paragraph 54 of Plaintiff's Complaint.**

55. At least one appropriate person within Carmel Clay Schools had actual

knowledge that Goelz was behaving in a sexually inappropriate manner towards Miss Nieves.

**ANSWER: Defendant denies the allegations in paragraph 55 of Plaintiff's Complaint.**

56. Carmel Clay Schools acted with deliberate indifference towards the safety and security of its student, Miss Nieves, when it failed to take any action whatsoever in response to the complaints regarding Goelz's behavior.

**ANSWER: Defendant denies the allegations in paragraph 56 of Plaintiff's Complaint.**

57. Carmel Clay Schools did nothing to investigate the complaints against Goelz.

**ANSWER: Defendant denies that it received any complaints against or about Goelz and therefore had nothing to investigate. Defendant denies all remaining allegations in paragraph 57 of Plaintiff's Complaint.**

58. Carmel Clay Schools continued to allow Goelz unfettered and unsupervised access to its student athletes, including Miss Nieves.

**ANSWER: Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.**

59. Carmel Clay Schools continued to employ Goelz.

**ANSWER: Defendant denies the allegations in paragraph 59 of Plaintiff's Complaint.**

60. Carmel Clay Schools did not report the complaints regarding Goelz to law enforcement.

**ANSWER: Defendant denies that it received any complaints regarding Goelz and therefore had nothing to report to law enforcement. Defendant denies the remaining**

allegations in paragraph 60 of Plaintiff's Complaint.

61. Carmel Clay Schools did nothing to protect Miss Nieves.

**ANSWER: Defendant denies the allegations in paragraph 61 of Plaintiff's Complaint.**

62. Miss Nieves was subjected to months of grooming and sexual abuse as a direct result of Carmel Clay Schools' complete and deliberate indifference to the situation and her safety.

**ANSWER: Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.**

63. Miss Nieves was made the subject of child pornography as a direct result of Carmel Clay Schools' complete and deliberate indifference to the situation and her safety.

**ANSWER: Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.**

64. As a result of Carmel Clay Schools' complete and deliberate indifference to the situation and her safety, Miss Nieves was effectively barred access to an equal opportunity to an education.

**ANSWER: Defendant denies the allegations in paragraph 64 of Plaintiff's Complaint.**

**Count 2: Sexual Exploitation of Children in Violation of 18 U.S.C. § 2251(a) and (e)**
**(v. John Goelz)**

65. The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant hereby incorporates by reference its Answers to paragraphs 1- 64 of Plaintiff's Complaint.**

66. Miss Nieves is authorized to bring this civil claim against Goelz pursuant to the civil remedies provision of 18 U.S.C. § 2255.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 66 of Plaintiff's Complaint.**

67. When Goelz used his cell phone to record a video of his sexual assault of Miss Nieves, he employed, used, persuaded, induced, enticed, or coerced Miss Nieves to engage in sexual acts with the intent that she engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct (i.e., child pornography).

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 67 of Plaintiff's Complaint.**

68. When Goelz used his cell phone to record of video of his sexual assault of Miss Nieves, Goelz produced child pornography using a device that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 68 of Plaintiff's Complaint.**

69. Goelz's actions violate 18 U.S.C. § 2251.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 69 of Plaintiff's Complaint.**

70. Goelz pleaded guilty to the sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e).

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 70 of Plaintiff's Complaint.**

71. Miss Nieves is a victim of the above-described violations of Section 2251 and has suffered serious personal injury as a result of this violation.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 71 of Plaintiff's Complaint.**

**Count 3: Battery**
**(v. John Goelz)**

72. The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant hereby incorporates by reference its Answers to paragraphs 1- 71 of Plaintiff's Complaint.**

73. Goelz's sexual encounters, and each of them, constituted harmful and offensive contact with Miss Nieves.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 73 of Plaintiff's Complaint.**

74. As a result of the multiple sexual encounters with Goelz, Miss Nieves suffered severe and permanent injuries of a physical, emotional, and/or financial nature.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 74 of Plaintiff's Complaint.**

75. The extent of Miss Nieves' damages is a matter to be addressed by a jury.

**ANSWER: Defendant is without sufficient information to admit or deny the**

allegations in paragraph 75 of Plaintiff's Complaint.

## Count 4: Invasion of Privacy (Intrusion into Seclusion)
### (v. John Goelz)

76. The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant hereby incorporates by reference its Answers to paragraphs 1-75 of Plaintiff's Complaint.**

77. Goelz took and secured video of his sexual assault of Miss Nieves in his room in the Red Roof Inn.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 77 of Plaintiff's Complaint.**

78. This intrusion into Miss Nieves' physical solitude or seclusion would be offensive or objectionable to a reasonable person.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 78 of Plaintiff's Complaint.**

79. Miss Nieves has suffered and continues to suffer personal injury, pain and suffering, and emotional distress as a result of Goelz's conduct.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 79 of Plaintiff's Complaint.**

## Count 5: Negligence
### (v. Chris Plumb, Carmel Clay Schools)

80. The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant hereby incorporates by reference its Answers to paragraphs 1-79 of Plaintiff's Complaint.**

81. The above-identified defendants owed a duty of reasonable care to Miss Nieves to keep her safe while in their care and at their facilities and meets.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 81 of Plaintiff's Complaint.**

82. These defendants, individually and collectively, breached their duty in the following, non-exclusive ways:

   a. By failing to adequately screen or vet potential employees and volunteers;

   b. By failing to adequately train employees and volunteers;

   c. By failing to adequately supervise employees and volunteers;

   d. By failing to adequately educate the young people in their care about appropriate and inappropriate relationships with employees and volunteers;

   e. By failing to adequately respond to reports of inappropriate conduct; and

   f. By turning a blind eye to the nefarious malfeasance of coaches in the swimming world for decades, thus allowing a culture of sexual abuse and rape to persist.

**ANSWER: Defendant denies the allegations in paragraph 82 (a)-(f) of Plaintiff's Complaint.**

83. These defendants' breaches of duty were the direct and proximate cause of the

injuries sustained by Miss Nieves.

**ANSWER: Defendant denies the allegations in paragraph 83 of Plaintiff's Complaint.**

84. But for the negligence of these defendants, Goelz would not have been successful in his grooming and cultivation of Miss Nieves.

**ANSWER: Defendant denies the allegations in paragraph 84 of Plaintiff's Complaint.**

85. But for the negligence of these defendants, Miss Nieves would not have had to endure nearly a year of sexual encounters with her high school swim coach before her 18th birthday.

**ANSWER: Defendant denies the allegations in paragraph 85 of Plaintiff's Complaint.**

86. As a result of the negligence of these defendants, Miss Nieves suffered severe and permanent injuries of a physical, emotional, and/or financial nature.

**ANSWER: Defendant denies the allegations in paragraph 86 of Plaintiff's Complaint.**

87. The extent of Miss Nieves' damages is a matter to be addressed by a jury.

**ANSWER: Defendant denies the allegations in paragraph 87 of Plaintiff's Complaint.**

## Count 6: Negligence
### (v. Red Roof Inn)

88. The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant hereby incorporates by reference its Answers to paragraphs 1-87 of Plaintiff's Complaint.**

89. Defendant Red Roof Inn had a duty of reasonable care to ensure the safety of its guests and the legal use of its premises.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 89 of Plaintiff's Complaint.**

90. Defendant Red Roof Inn breached its duty by, at least, failing to adequately train its staff to prevent sex crimes from happening on its premises.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 90 of Plaintiff's Complaint.**

91. Defendant's breach of duty and care was the direct and proximate cause of injuries sustained by Miss Nieves.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 91 of Plaintiff's Complaint.**

92. Miss Nieves suffered severe and permanent injuries as a result of the production of child pornography by Goelz at Red Roof Inn.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 92 of Plaintiff's Complaint.**

93. Miss Nieves suffered severe and permanent injuries as a result of the sexual interaction with Goelz at Red Roof Inn.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 93 of Plaintiff's Complaint.**

94.     The extent of Miss Nieves' damages is a matter to be addressed by a jury.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations in paragraph 94 of Plaintiff's Complaint.**

## AFFIRMATIVE DEFENSES

Defendant, by counsel, for their affirmative defenses in response to Plaintiff's Complaint hereby assert the following:

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

2.     Discovery has not yet begun, and Defendants reserve the right to amend and revise these Affirmative Defenses.

WHEREFORE, Carmel Clay Schools, by counsel, pray that Plaintiff take nothing by way of her Complaint, for judgment in favor of the Defendant, for costs of this action, and for all other relief that is justified in the premises.

Respectfully Submitted,

*Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
Attorney for Defendant Carmel Clay Schools
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March 2020, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

| | |
|---|---|
| Jonathan Little, Atty. No. 27421-49<br>Jessica Wegg, Atty. No. 28693-49<br>SAEED & LITTLE, LLP<br>#189 – 133 W. Market St.<br>Indianapolis, IN 46204<br>T: 317-721-9214<br>Email: jon@sllawfirm.com<br>Email: jessica@sllawfirm.com<br>*Attorneys for Plaintiff* | Tammy J. Meyer, Atty No. 14612-49<br>Samantha A. Huettner, Atty. No. 30113-53<br>METZGER ROSTA LLP<br>32 S. 9th Street<br>Noblesville, IN 46060<br>T: 317-219-4606<br>Email: tammy@metzgerrosta.com<br>Email: samantha@metzgerrosta.com<br>*Attorneys for Defendant John Goelz* |

The foregoing was also served via U.S. Mail, postage prepaid, upon the parties listed below on the 26th day of March 2020:

| | |
|---|---|
| Chris Plumb<br>5201 East Main Street<br>Carmel, IN 46033 | Red Roof Inn<br>c/o CTC Corporation Systems<br>36 Pennsylvania Street, Ste 700<br>Indianapolis, IN 46204 |

*Liberty L. Roberts*
Liberty L. Roberts

CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T: (317)773-2190 / F: (317)773-5320
Email: LRoberts@cchalaw.com