IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIELA NIEVES, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 1:20-cv-320-JMS-DML |
| v. | )<br>) JURY DEMANDED |
| CARMEL CLAY SCHOOLS,<br>CHRIS PLUMB, JOHN GOELZ, and<br>RED ROOF INN, | )<br>)<br>)<br>) |
| Defendants. | ) |

**PROPOSED AGREED CASE MANAGEMENT PLAN**

I. **Parties and Representatives**

| Party | Represented By |
|---|---|
| Plaintiff: Gabriela Nieves | Jonathan Little and Jessica Wegg<br>SAEED & LITTLE, LLP<br>#189 – 133 West Market Street<br>Indianapolis, IN 46204<br>T: (317) 721-9214<br>F: (888) 422-3151<br>jon@sllawfirm.com<br>jessica@sllawfirm.com |
| Defendant: Carmel Clay Schools | Liberty Roberts and Jessica Schnelker<br>CHURCH CHURCH HITTLE + ANTRIM<br>Two North Ninth Street<br>Noblesville, IN 46060<br>T: (317) 773-2190<br>F: (317) 773-5320<br>LRoberts@cchalaw.com<br>JSchnelker@cchalaw.com |
| Defendant: John Goelz | Tammy J. Meyer and Samantha A. Huettner<br>METZGER ROSTA LLP<br>32 South 9th Street<br>T: (317) 219-4606<br>F: (317) 214-9437<br>tammy@mezgerrosta.com<br>samantha@metzgerrosta.com |

| | |
|---|---|
| Defendant: Chris Plumb<br>5201 East Main Street<br>Carmel, IN 46033 | Unrepresented |
| Defendant: Red Roof Inn<br>c/o CTC Corporation Systems<br>36 Pennsylvania Street, Suite 700<br>Indianapolis, IN 46204 | Unrepresented |

**II.    Jurisdiction and Statement of Claims**

    A.    Plaintiff's Complaint asserts claims arising under various federal laws. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. Plaintiff's Complaint also asserts claims arising under state tort law. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367(a).

    B.    Parties' Synopses:

*Plaintiff Gabriela Nieves' Synopsis:*

Plaintiff Gabriela Nieves was a minor when she was groomed and raped by her swim coach, Defendant John Goelz. Goelz's abuse of Ms. Nieves culminated in a room at the Red Roof Inn in Anderson, Indiana, where Goelz violently raped her and filmed the encounter using his cell phone. This led to his charges and conviction for sexual exploitation of a minor in January 2019. Carmel Clay Schools and Chris Plumb (the head coach) were aware Goelz was having inappropriate relationships and contacts with his female swimmers. Defendant Red Roof Inn did nothing to ensure the safety of the minor girl who accompanied the adult man at their establishment. Ms. Nieves has filed this lawsuit in an attempt to recover damages for the mistreatment she endured and is asserting the following causes of action: Count 1 – Title IX Violation (v. Carmel Clay Schools); Count 2 – Sexual Exploitation of Children in Violation of 18 U.S.C. § 2251(a) and (3) (v. Goelz); Count 3 – Battery (v. Goelz); Count 4 – Invasion of Privacy (Intrusion into Seclusion) (v. Goelz); Count 5 – Negligence (v. Plumb, Carmel Clay Schools); Count 6 – Negligence (v. Red Roof Inn).

*John Goelz's Synopsis:*

It is John Goelz's position that Ms. Nieves voluntarily entered a relationship with John Goelz and voluntarily engaged in sexual relations with her. She never complained about this and voluntarily continued to maintain a relationship and continued to have sex with John Goelz. She told her ex-boyfriend about the relationship and he reported the matter to police. Even after John Goelz was arrested, Ms. Nieves admitted that she had voluntarily entered the relationship and voluntarily had sex with john Goelz on several occasions. Later, Ms. Nieves

2

changed her story and filed a lawsuit to recover money from John Goelz and others who may have money – the school and the hotel.

*Carmel Clay Schools' Synopsis:*

Carmel Clay Schools did not have any knowledge or reports of any inappropriate relationship between Mr. Goelz and Ms. Nieves prior to when a student (believed to be Ms. Nieves' friend) reported to law enforcement that he had seen inappropriate messages between Mr. Goelz and Nieves. Mr. Goelz was not an employee of Carmel Clay Schools, but was a volunteer coach with the school swim team. As with all volunteers, Mr. Goelz was required to submit to a full background check, which was clear. Carmel Clay Schools adequately trained and supervised its employees and volunteers and did not engage in action that breached any duty owed to Ms. Nieves. Carmel Clay Schools did not deny Ms. Nieves an equal opportunity to an education, nor act with deliberate indifference for her safety.

*Red Roof Inn's Synopsis:*

Red Roof Inn has not yet appeared by counsel or responded to the Complaint.

*Chris Plumb's Synopsis:*

Chris Plumb has not yet appeared by counsel or responded to the Complaint.

### III. **Pretrial Pleadings and Disclosures**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **Friday, May 29, 2020**. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **Friday, June 5, 2020**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **Friday, June 12, 2020.**

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **Monday, June 29, 2020**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **Monday,**

Sec. III E.  The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to *judgelynchchambers@insd.uscourts.gov*. There is no need to follow the email with a hard copy.

3

*Revision Date:  September 7, 2018*

    **June 29, 2020**.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **Friday, January 29, 2021**.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **Monday, March 1, 2021**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **Monday, March 1, 2021**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **Friday, October 30, 2020**.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **Friday, May 28, 2021**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **Monday, March 29, 2021**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.  Discovery in this case is anticipated to involve electronically stored information ("ESI"), including emails, text messages, and social media data, but not a substantial amount. The parties agree that:

  a. ESI will be produced in searchable portable document format ("PDF") or its native format. If ESI is produced in its native format and special software is

      required to access it, the producing party shall also provide the requesting party the necessary software. Metadata will be produced whenever it is available.

    b.  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.**   **Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

- Plaintiff does not believe that this case is appropriate for summary judgment or other dispositive motion. It is anticipated that most material facts will be

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

*Revision Date:  September 7, 2018*

      disputed and resolution of the disputes will require a jury's careful consideration. Plaintiff does not plan to file a motion for summary judgment.

- Defendant Goelz believes that discovery and depositions may establish the propriety of summary judgment based on duty and/or Plaintiff's failure to establish the elements of the statutory and other offense alleged in her Complaint.

- Defendant Carmel Clay Schools anticipates filing a motion for summary judgment. At Title IX claim is subject to the deliberate indifference standard that requires actual knowledge by the school. Defendant anticipates the evidence will show that the school did not have actual knowledge and that Mr. Nieves' claim fails as a matter of law.

    B.    On or before **Monday, December 7, 2020**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Select the track that best suits this case:

      __X__ Track 2: Dispositive motions are expected and shall be filed by Wednesday, **February 10, 2021**; non-expert witness discovery and discovery relating to liability issues shall be completed by **Monday, November 30, 2020**; expert witness discovery and discovery relating to damages shall be completed by **Thursday, April 29, 2021**. All remaining discovery shall be completed by no later than **Monday, May 31, 2021**.

      <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**    **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in October 2020.**

**VI.**    **Trial Date**

The parties request a trial date in **October 2021**. The trial is by **jury** and is anticipated to take **five days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management

6

order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. **Referral to Magistrate Judge**

    A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

    B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

*Revision Date: September 7, 2018*

      a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

      b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

*Revision Date: September 7, 2018*

## IX. Other Matters

Two defendants have not appeared or otherwise responded to the Complaint. This Proposed Case Management Plan was prepared without their input or consultation.

                                                Respectfully submitted,

                                                s/ *Jessica Wegg*
                                                Jessica Wegg
                                                Jonathan Little
                                                SAEED & LITTLE, LLP
                                                #189 – 133 West Market Street
                                                Indianapolis, IN 46204
                                                (317) 721-9214
                                                jessica@sllawfirm.com
                                                jon@sllawfirm.com

                                                s/ *Liberty L. Roberts* (with permission)
                                                Liberty L. Roberts
                                                Jessica Williams Schnelker
                                                CHURCH CHURCH HITTLE + ANTRIM
                                                Two North Ninth Street
                                                Noblesville, IN 46060
                                                T: (317) 773-2190
                                                F: (317) 773-5320
                                                LRoberts@cchalaw.com
                                                JSchnelker@cchalaw.com

                                                s/ *Samantha A. Huettner* (with permission)
                                                Tammy J. Meyer
                                                Samantha A. Huettner
                                                METZGER ROSTA LLP
                                                32 South 9th Street
                                                T: (317) 219-4606
                                                F: (317) 214-9437
                                                tammy@mezgerrosta.com
                                                samantha@metzgerrosta.com

*Revision Date:  September 7, 2018*

| | |
|---|---|
| __x__ | PARTIES APPEARED BY COUNSEL ON **April 7, 2020**, FOR AN INITIAL PRETRIAL CONFERENCE. APPROVED AS SUBMITTED. |
| __x__ | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____ . |
| _____ | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: _____ IN PERSON IN ROOM _____ ; OR _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( ____ ) _____ ; OR _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT ( ____ ) _____ . |
| __x__ | DISPOSITIVE MOTIONS SHALL BE FILED BY **February 10, 2021.** |
| __x__ | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **On November 30, 2020.** |

11

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Date: 4/10/2020

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

12