UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIELA NIEVES, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Cause No. 1:20-cv-00320-JMS-DML |
| ) | |
| CARMEL CLAY SCHOOLS, ) | |
| CHRIS PLUMB, JOHN GOELZ, and ) | |
| RED ROOF INN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CHRIS PLUMB**

**I.   INTRODUCTION**

Under Indiana's Tort Claims Act, public employees enjoy substantial protections against being sued. In particular, they may not be sued personally for acts or omissions occurring in the scope of their employment, a standard which embraces even criminal conduct that is incidental to a public employee's job responsibilities. Because of this immunity, a plaintiff wishing to sue a public employee personally must make very specific allegations regarding the employee's conduct. These allegations, if found true, would normally preclude *respondeat superior* liability on the part of the government entity. In essence, a plaintiff must pick her poison: was the public employee acting within the scope of employment or not, and if not, exactly why?

Here, although the complaint does not use the precise words, "scope of employment," it may as well have. Mr. Plumb is identified as an

"employee/agent/representative of the Carmel Clay Schools," specifically Mr. Goelz's supervisor. Further, the substantive allegations against Mr. Plumb all relate to his duties as swim coach, and his alleged failure to supervise Mr. Goelz. This is evidenced by the fact that, in the sole count against Mr. Plumb, he is lumped together with Carmel Clay Schools. Under the circumstances, the only plausible reading of the complaint is that Mr. Plumb is being sued for acts or omissions within the scope of his employment with Carmel Clay Schools, and hence any claim against him personally is barred.

In the alternative, the complaint fails to make any of the specific allegations required by I.C. § 34-13-3-5(c) that would otherwise permit a claim against Mr. Plumb personally. Hence, he is entitled to dismissal either way.

## II. ARGUMENT

A. <u>The allegations in the complaint can only be read to assert that Mr. Plumb was acting within the scope of his employment with Carmel Clay Schools, and hence any claim against him is barred.</u>

I.C. § 34-13-3-5(b) provides, among other things, that "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." "The purpose of [this] immunity is to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment." *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003).

"Conduct is within the scope of a person's employment when it is of the same general nature as that authorized, or incidental to the conduct authorized." *Gee v.*

2

*Hunter*, 2010 U.S. Dist. LEXIS 15513, at *8 (S.D. Ind. Feb. 19, 2010), citing *Bushong, supra*. "[A]n act is incidental to authorized conduct when it is subordinate to or pertinent to an act which the servant is employed to perform." *Id.* Even intentionally tortious or criminal acts can meet this standard and hence be subject to immunity, in particular if the "acts originated in activities so closely associated with the employment relationship as to fall within its scope." *See id.* (battery by a teacher against a disruptive student fell within the scope of his employment).

Here, the complaint does not use the precise words, "scope of employment." However, a plain reading of the allegations reveals that Mr. Plum is being sued for acts or omissions within the scope of his employment.  For instance:

- Mr. Plumb is alleged to be an employee/agent/representative of Carmel Clay Schools.  (Dkt. 1, ¶ 3).
- Mr. Plumb's service address is alleged to be the same address as that of Carmel Clay Schools.  (Dkt. 1, ¶ 2, 3).
- Mr. Goelz is alleged to be a swim coach at Carmel High School, and is alleged to be the employee of Carmel Clay Schools and Mr. Plumb.  (Dkt. 1, ¶ 4, 40).
- Mr. Plumb is alleged to have received complaints from parents of Carmel High School swimmers and failed to act on them.  (Dkt. 1, ¶ 11, 43).
- Mr. Plumb, along with Carmel Clay Schools, is alleged to have failed to supervise Mr. Goelz.  (Dkt. 1, ¶ 47).

- The allegations against Mr. Plumb and Carmel Clay Schools are coextensive, and all relate to Mr. Plumb's purported lapses as Mr. Goelz's supervisor. (Dkt. 1, ¶ 46-48; 81-87).

The only reasonable interpretation of these allegations is that Mr. Plumb acted (or failed to act) within the scope of his employment, or at the very least in a way that is "incidental" to his employment. *See Gee, supra.* As a result, any claim against him is "bar[red]." I.C. § 34-13-3-5-(b); *see also Schreiber v. Lawrence*, 2003 U.S. Dist. LEXIS 4514, *12-13 (S.D. Ind. March 3, 2003)(granting motion to dismiss individual defendant because the plaintiff failed to allege that the defendant's actions were outside the scope of employment, and no "magic words" could overcome the plain import of the allegations).

> B. To the extent that Ms. Nieves wishes to sue Mr. Plumb personally, she has failed to make the requisite allegations under I.C. § 34-13-3-5(c).

To avoid the type of artful pleading that may be going on here, the Tort Claims Act also obligates plaintiffs wishing to sue public employees personally to make certain specific allegations:

> A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
>
> **(1)** criminal;
> **(2)** clearly outside the scope of the employee's employment;
> **(3)** malicious;
> **(4)** willful and wanton; or
> **(5)** calculated to benefit the employee personally.

4

The complaint must contain a reasonable factual basis supporting the allegations. I.C. § 34-13-3-5(c).

The evident purpose of requiring such allegations is to force plaintiffs to explain how a defendant's conduct strays outside the broad boundary of conduct "incidental" to the scope of public employment. Of course, for a plaintiff, making such allegations is risky, because, if they are proven, they defeat *respondeat superior* liability on the part of the public employer. *See, e.g., Hansen v. Bd. of Trs.*, 2007 U.S. Dist. LEXIS 78097, at *17 (S.D. Ind. Oct. 19, 2007).

In any event, Ms. Nieves has made none of the requisite allegations under I.C. § 34-13-3-5(c). On the contrary, the complaint alleges that Mr. Plumb was negligent, which, by definition, is not "criminal," "malicious," "willful or wanton," or "calculated to benefit the employee personally." Likewise, and as noted above, far from alleging that Mr. Plumb's actions were outside the scope of his employment, the complaint can only be read as alleging that Mr. Plumb was acting within the scope of his employment. Hence, the claim against Mr. Plumb should be dismissed under I.C. § 34-13-3-5(c) as well.

A final point is worth noting. To the extent that Ms. Nieves wants to have her cake and eat it too, this court has repeatedly disapproved such an approach:

> [D]ual pleading against both the [s]chool and [the individual defendant] personally for the same actions is inconsistent with Indiana law that a plaintiff may not sue both a government employee in a personal capacity and the governmental entity for acts committed within the scope of employment. *See Bushong v. Williamson,* 790 N.E.2d 467, 471 (Ind. 2003).

5

Relying on *Bushong,* a number of courts have noted that such dual pleading is improper.

*Hansen*, 2007 U.S. Dist. LEXIS 78097 at *17.

### III. CONCLUSION

A plain reading of the complaint reveals that Mr. Plumb is alleged to have acted within the scope of his employment, and hence he is immune from suit under I.C. § 34-13-3-5(b). In the alternative, the complaint fails to make the necessary allegations to state a claim against Mr. Plumb personally, and hence any claim against him is barred under I.C. § 34-13-3-5(c). Either way, the claim against Mr. Plumb should be dismissed under Fed. R. Civ. Proc. 12(b)(6).

Respectfully submitted,

BECKMAN LAWSON, LLP

By: /s/*Matthew J. Elliott*
Matthew J. Elliott, #21242-02
melliott@beckmanlawson.com
201 West Wayne Street
Fort Wayne, IN 46802
Telephone: (260) 422–0800
Facsimile: (260) 420–1013
ATTORNEY FOR DEFENDANT,
CHRIS PLUMB

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 20th day of April, 2020, the undersigned filed this document on the Court's CM/ECF system, which in turn generated a notice to:

Jonathan Little
jon@sllawfirm.com

Jessica Wegg
jessica@sllawfirm.com

Jessica Williams Schnelker
jschnelker@cchalaw.com

Liberty L. Roberts
lroberts@cchalaw.com

Samantha A. Huettner
samantha@metzgerrosta.com

Tammy J. Meyer
tammy@metzgerrosta.com

　　　　　　　　　　　　　　　　　　　　*/s/ Matthew J. Elliott*
　　　　　　　　　　　　　　　　　　　　Matthew J. Elliott
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant Chris Plumb