IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GABRIELA NIEVES,       )
                      )
     Plaintiff,     )
                      )
v.                  )
                      )   Case No. 1:20-cv-00320-JMS-DML
CARMEL CLAY SCHOOLS   )
And RED ROOF INN     )
                      )
     Defendants.    )

## **ANSWER OF DEFENDANT, RADHEY SHYAM, LLC, d/b/a RED ROOF INN**

## **ANDERSON**

Defendant, Radhey Shyam, LLC, d/b/a Red Roof Inn Anderson, incorrectly named Red Roof Inn, for its Answer to Plaintiff's Complaint states:

## **PARTIES**

1.    Gabriela Nieves is a natural person and a citizen of the United State. She currently resides in Monroe County, Indiana. She may be served through her attorneys, whose contact information appears below.

**ANSWER: Defendant, Red Roof Inn, admits Gabriela Nieves is a natural person. Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 1 of Plaintiff's Complaint.**

2.    Carmel Clay Schools operates the public schools for the City of Carmel, Indiana, including Carmel High School ("CHS"). It may be served at the following location: 5201 East Main Street, Carmel, IN 46033.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 2 of Plaintiff's Complaint and demands strict proof thereof.**

3.      Chris Plumb is an employee/agent/representative of the Carmel Clay Schools. Mr. Plumb can be served at 5201 East Main Street Carmel, Indiana 46033.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.**

4.      John Goelz is, or was, a swim coach at CHS and is, or was, employed by CHS. He is currently incarcerated and can be served at FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887.

**ANSWER: Defendant, Red Roof Inn, admits John Goelz is presently incarcerated, and was a swim coach at CHS. Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 4 of Plaintiff's Complaint.**

5.      Red Roof Inn is a for-profit corporation, they can be served through their registered agent, CT Corporation Systems, 36 South Pennsylvania Street, Suite 700 Indianapolis, Indiana, 46204.

**ANSWER: Defendant denies the material allegations of Paragraph 5 of Plaintiff's Complaint.**

**Defendant, Radhey Shyam, LLC, d/b/a Red Roof Inn Anderson, admits it a for-profit Indiana limited liability company.**

## JURISDICTION AND VENUE

6.     This Court has original subject matter jurisdiction of the federal questions presented herein pursuant to 28 U.S.C. § 1331.

**ANSWER: Defendant, Red Roof Inn, admits that as pled the Court has subject matter jurisdiction.**

7.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Miss Nieves' state law claims.

**ANSWER: Defendant, Red Roof Inn, admits that as pled the Court has supplemental jurisdiction as alleged in Paragraph 7 of Plaintiff's Complaint.**

8.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), for the events or omissions giving rise to these claims arose in this District.

**ANSWER: Defendant, Red Roof Inn, admits the material allegations of Paragraph 8 of Plaintiff's Complaint.**

## FACTS

9.     In August 2017, Miss Nieves was a 16-year-old junior at Carmel High School and a member of the school's swim team.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.**

10.     Goelz began to "groom" Miss Nieves (as that term is used in the context of child molestation) in or around August of 2017.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.**

11.     In the fall of 2017, parents of other Carmel swimmers relayed to Defendant Plumb their concerns that Goelz's interactions with the female swimmers was inappropriate.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.**

12.     In November 2017, Goelz isolated Miss Nieves in the lifeguard room at Carmel High School and made inappropriate comments about her virginity.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.**

13.     Throughout December 2017 and into January 2018, Goelz began texting Miss Nieves individually.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.**


14.     Goelz's grooming of Miss Nieves culminated in February of 2018.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.**


15.     On or about February 17, 2018 (the date of the Boys' Sectional Swim Meet), Miss Nieves was subjected to her first sexual experience.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.**


16.     It was with Goelz.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.**

17.    On or around February 21, 2018, Goelz subjected Miss Nieves to vaginal intercourse.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.**

18.    On that second occasion in February 2018, Goelz pressured Miss Nieves to submit to anal sex.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.**

19.    Miss Nieves refused to have anal intercourse with Coach Goelz.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.**

20.    On or around March 5, 2018 (after a divisional swim meet), Goelz engaged in sexual activity with Miss Nieves again.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.**

21.     On that first March 2018 occasion, Goelz again tried to force Miss Nieves to submit to anal sex.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.**

22.     Ms. Nieves fought Coach Goelz and did not allow Coach Goelz to anally rape her.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.**

23.     Goelz had been so aggressive in his attempts to make Miss Nieves have anal sex with him that he called her later that evening to apologize for his behavior.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.**

24.     Miss Nieves endured at least one other sexual encounter with Goelz in March 2018, at least one sexual encounter in April 2018 (after spring break), and at least one sexual encounter in May 2018 (after prom).

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.**

25.     Most of the vaginal intercourse occurred at Goelz's apartment.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.**

26.     Goelz was sometimes rough with Miss Nieves during intercourse, but usually apologized to her afterwards.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.**

27.     Throughout the spring, Goelz "made out" with Miss Nieves in more public settings, such as during swim practice at the Woodland Country Club.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.**

28.     Goelz's conduct (as described above and below) constitutes criminal child seduction (in this case, a level 5 felony), codified at Ind. Code § 35-42-4-7.

**ANSWER: Paragraph 28 of Plaintiff's Complaint sets forth Plaintiff's counsels' legal conclusion to which no response is required. To the extent a response is deemed required and based on the allegation of Goelz's conduct described in the Complaint, Defendant, Red Roof Inn, admits the allegations of Paragraph 28 of Plaintiff's Complaint.**

29.     In June of 2018, Goelz took Miss Nieves to the Red Roof Inn in Anderson, Indiana to engage in sexual intercourse with her.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.**

30.     Miss Nieves was only 17-years-old at this time.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.**

31.     Goelz was very rough with Miss Nieves during this encounter.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.**

32.     Goelz did not stop being rough when Miss Nieves asked him to stop.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.**

33.    Goelz filmed his sordid and illegal encounter with Miss Nieves at the Red Roof Inn using his cell phone.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.**

34.    This led to his charges and conviction for child pornography in January 2019.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 34 of Plaintiff's Complaint and demands strict proof thereof.**

35.    It is a well-known fact that hotels and motels are hot spots for sex traffickers and child molesters and responsible owners are training their employees in how to help prevent and report suspected child sexual exploitation.[1]

**ANSWER: The allegations in Paragraph 35 of Plaintiff's Complaint are argumentative and do not require a response. To the extent that there are factual comments in Paragraph 35, Defendant, Red Roof Inn, denies such facts.**

---

[1] https://www.bbc.com/news/business-47201210

Defendant, Red Roof Inn, further denies that the material referenced in the footnotes supports Plaintiff's allegation.

36.     The Red Roof Inn failed to question, stop, or at any time inquire as to why Defendant Goelz was checking into their hotel with an obviously young girl.

ANSWER: The allegations in Paragraph 36 of Plaintiff's Complaint are argumentative to which no response is required. To the extent that it is deemed a response is required, Defendant, Red Roof Inn, denies same.

37.     Training information for the hospitality industry is readily available and accessible (https://www.dhs.gov/blue-campaign/hospitalityindustry).

ANSWER: Defendant, Red Roof Inn, admits only that training information is available to the hospitality industry, but denies the referenced website is the source of such training information.

38.     If Red Roof Inn had any way properly trained their employees on sexual trafficking and child exploitation in the hospitality industry, they could have asked Miss Nieves for identification or any way inquired into her age, preventing this specific instance of child exploitation and production of child pornography.

ANSWER: The allegations in Paragraph 38 of Plaintiff's Complaint are argumentative to which no response is required. To the extent that it is deemed required, Defendant, Red Roof Inn, denies same.

39.     Goelz continued to have sex with Miss Nieves throughout Summer 2018 until his arrest on July 2, 2018.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 39 of Plaintiff's Complaint and demands strict proof thereof.**

40.     Prior to February 2018, Mr. Plumb and Carmel Clay Schools were aware that their employee, Goelz, was having inappropriate relationships and contacts with his female swimmers.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 40 of Plaintiff's Complaint and demands strict proof thereof.**

41.     The Carmel Clay Schools have a long history of tolerating sexual relationships between their coaches, teachers, and staff and underage students.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.**

42.     The Carmel Clay Schools have historically failed to report sexual relationships between their staff, employees, volunteers, and coaches to law enforcement as required by Indiana law.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.**

43.     Chris Plumb was warned by parents of his swimmers that Goelz was having inappropriate contact with young female swimmers.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 43 of Plaintiff's Complaint and demands strict proof thereof.**

44.     Chris Plumb failed to report these allegations to law enforcement.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 44 of Plaintiff's Complaint and demands strict proof thereof.**

45.     Chris Plumb warned Goelz that parents were becoming suspicious of his interactions with athletes of both the Carmel Clay Swim Team and the Carmel Swim Club.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 45 of Plaintiff's Complaint and demands strict proof thereof.**

46.     Defendants Plumb, and Carmel Clay Schools created and maintained the environment and conditions necessary for Goelz to access, groom, and ultimately rape Miss Nieves.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 46 of Plaintiff's Complaint and demands strict proof thereof.**

47.     Defendants Plumb and the Carmel Clay Schools failed to supervise Goelz.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 47 of Plaintiff's Complaint and demands strict proof thereof.**

48.     Mr. Plumb and the Carmel Clay Schools failed to protect Miss Nieves.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 48 of Plaintiff's Complaint and demands strict proof thereof.**

49.     When appropriate action was finally taken against Goelz and he was charged criminally, Miss Nieves was ostracized by her fellow students at Carmel High School.

**ANSWR: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 49 of Plaintiff's Complaint and demands strict proof thereof.**

50.     Other members of her swim team called Miss Nieves a "slut."

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 50 of Plaintiff's Complaint and demands strict proof thereof.**

51.     Other members of her swim team called Miss Nieves a "whore."

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 51 of Plaintiff's Complaint and demands strict proof thereof.**

52.     Miss Nieves was so tormented by her teammates that she was forced to quit the sport of swimming altogether.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 52 of Plaintiff's Complaint and demands strict proof thereof.**

## CAUSES OF ACTION
### Count I: Title IX
### (v. Carmel Clay Schools)

53.     The foregoing paragraphs are incorporated by reference as though fully reinstated herein.

**ANSWER: Defendant, Red Roof Inn, incorporates by reference its responses to Paragraphs 1 – 52 of Plaintiff's Complaint as if fully incorporated herein.**

54.     Carmel Clay Schools receive federal funding.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 54 of Plaintiff's Complaint and demands strict proof thereof.**

55.     At least one appropriate person within Carmel Clay Schools had actual knowledge that Goelz was behaving in a sexually inappropriate manner towards Miss Nieves.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 55 of Plaintiff's Complaint and demands strict proof thereof.**

56.     Carmel Clay Schools acted with deliberate indifference towards the safety and security of its student, Miss Nieves, when it failed to take any action whatsoever in response to the complaints regarding Goelz's behavior.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 56 of Plaintiff's Complaint and demands strict proof thereof.**

57.    Carmel Clay Schools did nothing to investigate the complaints against Goelz.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 57 of Plaintiff's Complaint and demands strict proof thereof.**

58.    Carmel Clay Schools continued to allow Goelz unfettered and unsupervised access to its student athletes, including Miss Nieves.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 58 of Plaintiff's Complaint and demands strict proof thereof.**

59.    Carmel Clay Schools continued to employ Goelz.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 59 of Plaintiff's Complaint and demands strict proof thereof.**

60.    Carmel Clay Schools did not report the complaints regarding Goelz to law enforcement.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 60 of Plaintiff's Complaint and demands strict proof thereof.**

61.     Carmel Clay Schools did nothing to protect Miss Nieves.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 61 of Plaintiff's Complaint and demands strict proof thereof.**

62.     Miss Nieves was subjected to months of grooming and sexual abuse as a direct result of Carmel Clay Schools' complete and deliberate indifference to the situation and her safety.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 62 of Plaintiff's Complaint and demands strict proof thereof.**

63.     Miss Nieves was made the subject of child pornography as a direct result of Carmel Clay Schools' complete and deliberate indifference to the situation and her safety.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 63 of Plaintiff's Complaint and demands strict proof thereof.**

64.     As a result of Carmel Clay Schools' complete and deliberate indifference to the situation and her safety, Miss Nieves was effectively barred access to an equal opportunity to an education.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 64 of Plaintiff's Complaint and demands strict proof thereof.**

## COUNT II
## SEXUAL EXPLOITATION OF CHILDREN IN VIOLATION OF 18 U.S.C. § 2251(a) and (e)
### (v. John Goelz)

65.     The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant, Red Roof Inn, incorporates by reference its responses to Paragraphs 1 – 64 of Plaintiff's Complaint as if fully incorporated herein.**

66.     Miss Nieves is authorized to bring this civil claim against Goelz pursuant to the civil remedies provision of 18 U.S.C. § 2255.

**ANSWER: Paragraph 66 of Plaintiff's Complaint is Plaintiff's counsels' legal conclusion to which no response is required. To the extent a response is deemed required, Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny same.**

67.     When Goelz used his cell phone to record a video of his sexual assault of Miss Nieves, he employed, used, persuaded, induced, enticed, or coerced Miss Nieves to engage in sexual acts with the intent that she engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct (i.e., child pornography).

**ANSWER: Paragraph 67 of Plaintiff's Complaint is Plaintiff's counsels' legal conclusion to which no response is required. To the extent a response is deemed required, Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny same.**

68.    When Goelz used his cell phone to record of video of his sexual assault of Miss Nieves, Goelz produced child pornography using a device that had been mailed, shipped, or transported in or affecting interstate or foreign commerce.

**ANSWER: Paragraph 68 of Plaintiff's Complaint is Plaintiff's counsels' legal conclusion to which no response is required. To the extent a response is deemed required, Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny same.**

69.    Goelz actions violate 18 U.S.C. § 2251.

**ANSWER: Paragraph 69 of Plaintiff's Complaint is Plaintiff's counsels' legal conclusion to which no response is required. To the extent a response is deemed required, Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny same.**

70.    Goelz pleaded guilty to the sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e).

**ANSWER: Defendant, Red Roof Inn, admits the material allegations of Paragraph 70 of Plaintiff's Complaint.**

71.     Miss Nieves is a victim of the above-described violations of Section 2251 and has suffered serious personal injury as a result of this violation.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 71 of Plaintiff's Complaint and demands strict proof thereof.**

## COUNT III: BATTERY
### (v. John Goelz)

72.     The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant, Red Roof Inn, incorporates by reference its responses to Paragraphs 1 – 71 of Plaintiff's Complaint as if fully incorporated herein.**

73.     Goelz's sexual encounters, and each of them, constituted harmful and offensive contact with Miss Nieves.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 73 of Plaintiff's Complaint and demands strict proof thereof.**

74.     As a result of the multiple sexual encounters with Goelz, Miss Nieves suffered severe and permanent injuries of a physical, emotional, and/or financial nature.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 74 of Plaintiff's Complaint and demands strict proof thereof.**

75.     The extent of Miss Nieves' damages is a matter to be addressed by a jury.

**ANSWER: Defendant, Red Roof Inn, admits that should the Court permit Plaintiff's claims against Red Roof Inn be submitted to the jury, the jury should address the nature and extent of Plaintiff's damages caused by Red Roof Inn, if any.**

## COUNT IV: INVASION OF PRIVACY (INTRUSION INTO SECLUSION)
### (v. John Goelz)

76.     The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant, Red Roof Inn, incorporates by reference its responses to Paragraphs 1 – 75 of Plaintiff's Complaint as if fully incorporated herein.**

77.     Goelz took and secured video of his sexual assault of Miss Nieves in his room in the Red Roof Inn.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 77 of Plaintiff's Complaint and demands strict proof thereof.**

78.     This intrusion into Miss Nieves' physical solitude or seclusion would be offensive or objectionable to a reasonable person.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 78 of Plaintiff's Complaint and demands strict proof thereof.**

79.     Miss Nieves has suffered and continues to suffer personal injury, pain and suffering, and emotional distress as a result of Goelz's conduct.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 79 of Plaintiff's Complaint and demands strict proof thereof.**

## COUNT V: NEGLIGENCE
**(v. Chris Plumb, Carmel Clay Schools)**

80.     The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant, Red Roof Inn, incorporates by reference its responses to Paragraphs 1 – 79 of Plaintiff's Complaint as if fully incorporated herein.**

81.     The above-identified defendants owed a duty of reasonable care to Miss Nieves to keep her safe while in their care and at their facilities and meets.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 81 of Plaintiff's Complaint and demands strict proof thereof.**

82.  These defendants, individually and collectively, breached their duty in the following, non-exclusive ways:

   a.  By failing to adequately screen or vet potential employees and volunteers;

   b.  By failing to adequately train employees and volunteers;

   c.  By failing to adequately supervise employees and volunteers;

   d.  By failing to adequately educate the young people in their care about appropriate and inappropriate relationships with employees and volunteers;

   e.  By failing to adequately respond to reports of inappropriate conduct; and

   f.  By turning a blind eye to the nefarious malfeasance of coaches in the swimming world for decades, thus allowing a culture of sexual abuse and rape to persist.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 82 of Plaintiff's Complaint and demands strict proof thereof.**

83.     These defendants' breaches of duty were the direct and proximate cause of the injuries sustained by Miss Nieves.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 83 of Plaintiff's Complaint and demands strict proof thereof.**

84.     But for the negligence of these defendants, Goelz would not have been successful in his grooming and cultivation of Miss Nieves.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 84 of Plaintiff's Complaint and demands strict proof thereof.**

85.     But for the negligence of these defendants, Miss Nieves would not have had to endure nearly a year of sexual encounters with her high school swim coach before her 18th birthday.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 85 of Plaintiff's Complaint and demands strict proof thereof.**

86.     As a result of the negligence of these defendants, Miss Nieves suffered severe and permanent injuries of a physical, emotional, and/or financial nature.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 86 of Plaintiff's Complaint and demands strict proof thereof.**

87.     The extent of Miss Nieves' damages is a matter to be addressed by a jury.

**ANSWER: Defendant, Red Roof Inn, admits that should the Court permit Plaintiff's claims against Red Roof Inn be submitted to the jury, the jury should address the nature and extent of Plaintiff's damages caused by Red Roof Inn, if any.**

## COUNT VI: NEGLIGENCE
### (v. Red Roof Inn)

88.     The foregoing paragraphs are incorporated by reference as though fully restated herein.

**ANSWER: Defendant, Red Roof Inn, incorporates by reference its responses to Paragraphs 1 – 87 of Plaintiff's Complaint as if fully incorporated herein.**

89.     Defendant Red Roof Inn had a duty of reasonable care to ensure the safety of its guests and the legal use of its premises.

**ANSWER: Defendant, Red Roof Inn, admits it had a duty to exercise reasonable care to protect its guests. Defendant, Red Roof Inn, denies each and every other allegation of Paragraph 89 of Plaintiff's Complaint.**

90.    Defendant Red Roof Inn breached its duty by, at least, failing to adequately train its staff to prevent sex crimes from happening on its premises.

**ANSWER: Defendant, Red Roof Inn, denies the material allegations of Paragraph 90 of Plaintiff's Complaint.**

91.    Defendant's breach of duty and care was the direct and proximate cause of injuries sustained by Miss Nieves.

**ANSWER: Defendant, Red Roof Inn, denies the material allegations of Paragraph 91 of Plaintiff's Complaint.**

92.    Miss Nieves suffered severe and permanent injuries as a result of the production of child pornography by Goelz at Red Roof Inn.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegations of Paragraph 92 of Plaintiff's Complaint and demands strict proof thereof.  Defendant, Red Roof Inn, denies that if a cell phone video were taken while at the Red Roof Inn that the location where the cell phone video was taken was the cause of Plaintiff's claimed injuries.**

93.    Miss Nieves suffered severe and permanent injuries as a result of the sexual interaction with Goelz at Red Roof Inn.

**ANSWER: Defendant, Red Roof Inn, is without knowledge sufficient to admit or deny the material allegation of Paragraph 93 of Plaintiff's Complaint, and demands strict proof thereof.  Defendant, Red Roof Inn, denies that if Plaintiff**

**engaged in sexual interaction with Goelz while at the Red Roof Inn, that the location of the of such sexual interaction was the cause of Plaintiff's claimed injuries.**

94.    The extent of Miss Nieves' damages is a matter to be addressed by a jury.

**ANSWER: Defendant, Red Roof Inn, admits that should the Court permit Plaintiff's claims against Red Roof Inn be submitted to the jury, the jury should address the nature and extent of Plaintiff's damages caused by Red Roof Inn, if any.**

WHEREFORE, Red Roof Inn, by counsel, pray that Plaintiff take nothing by way of Plaintiff's Complaint for Damages against Defendant, Red Roof Inn, that costs be assessed against Plaintiff, and for all other proper relief.

Respectfully submitted,

McCLURE McCLURE & DAVIS

/s/ Grover B. Davis_____
Grover B. Davis
Attorney for Red Roof Inn

## AFFIRMATIVE DEFENSES

The Defendant, Red Roof Inn, by counsel, for its separate and several Affirmative Defenses to Plaintiff's Complaint for Damages, state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against defendant, Red Roof Inn, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against defendant Red Roof Inn may be barred by her prior release of all claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against defendant Red Roof Inn may be barred or reduced by the in accordance with the Indiana Collateral Source statute and the by payment, satisfaction, accord and satisfaction, set-off, and the rule barring double recovery and windfall.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries and damages, if any, may have been proximately caused in whole or in part by the fault of non-parties, namely, John Goelz, Chris Plumb, Carmel Swim Academy, Inc, Carmel Swim Club, Indiana Swimming, and USA Swimming.

## <u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

The Defendant, Red Roof Inn, reserves the right to raise additional affirmative defenses that may be discovered or that may develop during the course of litigation.

Respectfully submitted,

McCLURE McCLURE & DAVIS

/s/ Grover B. Davis_____
Grover B. Davis
Attorney for Red Roof Inn

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2020, a copy of the foregoing was filed electronically.   Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.   Parties may access this filing through the court's system.

Jonathan Little, #27421-49
Jessica Wegg, #28693-49
Saeed & Little, LLP
jon@sllawfirm.com
jessica@sllawfirm.com
*Attorneys for Plaintiff*

Jessica Williams Schnelker, Atty. No. 31566-49
Liberty L. Roberts, Atty. No. 23107-49
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
LRoberts@cchalaw.com
JSchnelker@cchalaw.com
*Attorneys for Defendant, Carmel Clay Schools*

/s/ Grover B. Davis
Grover B. Davis, #4408-49
Attorney at Law
McCLURE, McCLURE & DAVIS
251 East Ohio Street, Suite 915
Indianapolis, IN 46204
(317) 221-0800- telephone
(317) 221-0900 – facsimile
gbdavis@gbd.law
Attorney for Red Roof Inn