UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GABRIELA NIEVES,

      Plaintiff,

v.

                                                 Case No: 1:20-cv-00320-JMS-DML

CARMEL CLAY SCHOOLS and RED
ROOF INN,

      Defendants.

## PARTIES' JOINT SUBMISSION IN ADVANCE OF DISCOVERY CONFERENCE

Plaintiff, Gabriela Nieves ("Plaintiff"), and Defendant, Carmel Clay School Corporation ("Defendant"), by their respective counsel and pursuant to the Court's November 30, 2020 Order, submit this Joint Submission in advance of the Discovery Conference scheduled for December 4, 2020 at 10:00 a.m. before Magistrate Judge Debra McVicker Lynch. The parties briefly, and without argument,[1] summarize each of the disputes at issue as follows:

### ISSUE ONE: SERVICE OF DEPOSITION SUBPOENA ON NONPARTY

1. On November 18, 2020, Plaintiff sent a subpoena for the deposition of Nicole Bills to counsel for Defendant. (*See* Ex. A, Subpoena for Deposition of Nicole Bills.)

2. Defendant responded to clarify that the subpoena could not be served on counsel for Defendant since counsel did not represent the witness whose deposition had been noticed. Defendant also noted that the proof of service section on the subpoena was not completed, including the section regarding witness fees for the attendance of the nonparty witness.

---

[1] The Court has indicated that the present submission should provide the "nature of the matters in dispute" but "without argument." *See* Dkt. 78. The parties have exchanged further argument and authority in addition to the materials set forth herein and reserve the right to present that authority to Court upon request.

1

3. Plaintiff indicated that Defendant should accept service for Ms. Bills because she has an office at Carmel High School. Plaintiff also takes issue with Defendant's position because, in this litigation, Defendant has asserted attorney-client privilege on behalf of the Carmel Swim Club.

4. Defendant indicated that counsel could not accept service on behalf of a nonparty counsel does not represent. Ms. Bills is an employee of Carmel Swim Club. Defendant's counsel indicated that they could not accept service on her behalf because counsel does not represent Ms. Bills and would not be representing Ms. Bills at her deposition. Plaintiff has not raised the issue of Defendant's Privilege Log for purposes of the present discovery conference. Consistent with the position Defendant has taken with respect to Ms. Bills' deposition, Defendant has indicated to Plaintiff that it cannot waive privilege on behalf of a nonparty it does not represent.

### ISSUE TWO: SCOPE OF REQUEST FOR PRODUCTION NO. 5/6

5. On June 30, 2020, Defendant served its Responses to Plaintiff's Requests for Production. Request No. 5 asked for Defendant to:

> Produce a list of all settlements, compromised solutions, etc. (including dates, settlement amounts, and involved parties, with cause numbers if applicable) paid by the Carmel School Corporation from 1979 to the present that in anyway involve a member of any Carmel athletic team. For example, but in no way limited to, situations involving inappropriate sexual contact between a coach and an athlete. Where available, please produce the settlement agreements. (1979 is the year School started its girls swim program)

6. Carmel objected to the scope of the request as set forth in the attached response. (*See* Ex B, Defendant's Objection and Response to Request No. 5.) Subject to those objections, Carmel responded as follows:

> Carmel School Corporation has not paid any settlements or "compromised solutions," from 2002 to present that involve allegations of inappropriate sexual contact between a Carmel High School swimmer and either volunteer or paid coach(es) associated with the Carmel High School Athletic Department. Other than

the present suit involving John Goelz, there have been no claims, lawsuits, or settlements involving allegations of inappropriate sexual contact between either volunteer or paid coaches associated with the Carmel High School Athletic Department since 2002. No official at Carmel Clay Schools had actual notice that John Goelz was behaving in a sexually inappropriate manner toward Plaintiff until police arrested John Goelz for his conduct.

7. Plaintiff takes issues with Defendant's decision to limit the scope of the response from 2002 through present. An important part of Plaintiff's case is that Carmel has a history of serious, and ignored or actively covered up, sexual abuse within their athletic programs. The following are facts:[2]

  a. Carmel's girls' swim program was founded in 1979 by Ray Lawrence, who coached at Carmel until the mid-1990s. In 2010, USA Swimming banned Ray Lawrence for life for raping the girls he coached at Carmel.

  b. Lawrence's successor, Tony Young, was charged criminally for failing to report rapes of a Carmel swimmer who was mentally handicapped.

  c. Young's successor, Richard Rice, killed himself after being charged criminally for raping one of the girls who swam for him at Carmel.

  d. Rice's successor, Ken Stopkotte, blew the whistle on swim coach sexual abuse in Indiana (and the US in general) in 2009.

  e. Stopkotte's successor, Tom Burchill, left Carmel untarnished.

  f. Burchill's successor, Chris Plumb, was John Goelz's boss. Goelz raped Plaintiff.

---

[2] These are not established "facts" in this case. Defendant notes that many of these allegations have been plead in Plaintiff's Complaint, but many of these allegations are disputed and have been denied by Defendant in its Answer. However, even if construed in Plaintiff's favor for purposes of the present discovery dispute, they do not change the outcome, as indicated by Defendant in Paragraph 8 *infra*.

8. Although Defendant incorporates its complete objections and response to Request No. 5 by reference, Defendant limited the scope of the Request from 2002 through present for several reasons:

   a. Defendant has stated in written responses there have been no claims, lawsuits, or settlements involving allegations of inappropriate sexual contact between either volunteer or paid coaches associated with the Carmel High School Athletic Department since 2002.[3] John Goelz likewise confirmed at his recent deposition that he was not aware of any "culture of sexual abuse and rape" at Carmel High School as Plaintiff has alleged in her Complaint (Compl. ¶ 82(f)), nor did he know or have any knowledge of any of the individuals Plaintiff identified above. Defendant has searched for and provided a response that covers nearly the past 2 decades, which includes most—if not nearly all—of Plaintiff's life.[4] Requests dating back 41 years and involving individuals who never coached or had contact with Plaintiff Gabriela Nieves are not proportional to Plaintiff's Title IX and negligence claims.

   b. Plaintiff cannot allege a "continuing" culture when she has purportedly identified an individual above—Tom Burchill—who did not have any allegations against him. There continues to be no support for Plaintiff's allegations that the alleged "culture" existed after 2002. Defendant has provided the dates of employment for

---

[3] Though not the direct subject of the present dispute (Plaintiff has asked for a Telephonic Discovery Conference on the "hsitorical [sic] scope of discovery"), Plaintiff has made several claims that Defendant failed to produce certain information and other incidents from 2002 through present. All subsequent investigation into those allegations have revealed that they do not fall in the time frame specified, did not result in any allegations of liability against Defendant, and/or do not involve incidents like the one at issue in this case: sexual contact between a student-athlete and volunteer or paid coaches associated with the Carmel High School Athletic Department. The parties have exchanged several communications over the course of the past few months on these issues. They can be produced to the Court upon request should this separate—but somewhat related—issue become relevant to the present proceedings.

[4] Plaintiff was 17 in the Summer of 2018 when John Goelz was arrested.

4

Ray Lawrence, Tony Young, Richard Rice, and Ken Stopkotte. Ray Lawrence was employed from 1979 to 1995; Ken Stopkotte was employed from 2000 to 2003; Tony Young was employed from 1991 to 2000; and Rick Rice was employed from 1995 to 2001. Their involvement with students, any settlements concerning their conduct, and all materials related to their employment are irrelevant and disproportionate to the needs of the present case. (Ex B, Defendant's Objection and Response to Request No. 6.)

c. The timeframe identified tracks the tenure of current Athletic Director, Jim Inskeep. Prior allegations under different athletic directors do not impact this case because Plaintiff cannot base her Title IX claim on something that happened or a culture that purportedly existed decades ago.

d. The Access to Public Records Act does not define the scope of discovery, nor does it have any impact on the proportionality standard set forth in FRCP 26.

WHEREFORE, the parties, by the undersigned counsel, respectfully submit this Joint Submission in advance of the Discovery Conference scheduled for December 4, 2020 at 10:00 a.m. before Magistrate Judge Debra McVicker Lynch.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| *Jonathan Little* (with permission) | *Jessica Williams Schnelker* |
| Jonathan Little | Jessica Williams Schnelker |
| Jessica Wegg | Liberty L. Roberts |
| SAEED & LITTLE, LLP | CHURCH CHURCH HITTLE + ANTRIM |
| #189 – 133 West Market Street | Two North Ninth Street |
| Indianapolis, IN 46204 | Noblesville, IN 46060 |
| (317) 721-9214 | T: (317) 773-2190 |
| jon@sllawfirm.com | F: (317) 773-5320 |
| jessica@sllawfirm.com | JSchnelker@cchalaw.com |
| *Attorneys for Plaintiff* | LRoberts@cchalaw.com |
| | *Attorneys for Defendant* |