UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GABRIELA NIEVES,

   Plaintiff,

v.

                Case No: 1:20-cv-00320-JMS-DML

CARMEL CLAY SCHOOLS and RED
ROOF INN,

   Defendants.

**PARTIES' JOINT SUBMISSION IN ADVANCE OF DISCOVERY CONFERENCE**

   Plaintiff, Gabriela Nieves ("Plaintiff"), and Defendant, Carmel Clay School Corporation ("Defendant"), by their respective counsel and pursuant to the Court's January 14, 2021 Order, submit this Joint Submission in advance of the Discovery Conference scheduled for February 2, 2021 at 2:30 p.m. before Magistrate Judge Debra McVicker Lynch. The parties briefly, and without argument,[1] summarize each of the disputes at issue as follows:

   1. On October 23, 2020 Plaintiff sent Defense counsel a meet two page meet and confer letter concerning the privilege log produced by Carmel Clay Schools in response to Plaintiff's request for said log earlier in October 2020.

   2. Multiple meet and confer letters were exchanged in November and December 2020.

   3. On January 13, 2021, Plaintiff requested a telephonic discovery conference to discuss "Defendant Carmel Clay Schools' assertion of privilege on documents in their possession from Carmel Swim Club, an entity that Carmel Clay Schools claims is separate from themselves."

---

[1] The Court has indicated that the present submission should provide the "nature of the matters in dispute" but "without argument." *See* Dkt. 43. The parties reserve the opportunity to submit further argument and authority to the Court upon request.

1

4.      Defendant refused to accept service for members of the Carmel Swim Club despite those members working inside Carmel High School.[2]

5.      This is at least the third time the parties have had a telephonic discovery conference in this litigation.

6.      In its Privilege Log, Carmel Clay Schools had identified two emails that it believed to be privileged to Carmel Swim Club Board Members. Defendant's Athletic Director is a member of the Board, which is why Defendant possessed the emails. Defendant does not believe this to constitute a waiver of the privilege.

7.      Defendant was not asserting a privilege on behalf of a nonparty. The Federal Rules require that Defendant disclose emails that are withheld on the basis of privilege. Defendant indicated to Plaintiff on numerous occasions that Carmel Swim Club should be permitted to review the emails to determine whether it would be asserting a privilege over the emails—just as the Court permitted the same entity to intervene for purposes of protecting a Settlement Agreement in Plaintiff's possession.

8.      Defendant attempted to locate counsel for Carmel Swim Club to offer an opinion about the privileged status of these emails. The individual who previously appeared on behalf of Carmel Swim Club in this Court indicated that the scope of his representation did not extend to such issue.

9.      When Plaintiff noticed the deposition of Carmel Swim Club employee, Nicole Bills, in January, Carmel Swim Club counsel appeared on her behalf and this provided the parties with an opportunity to resolve the privilege issues.

---

[2] Defendant notes that this issue was resolved after the prior Discovery Conference on December 4, 2020. The Court noted that Defendant was not under an obligation to accept service on behalf of a nonparty and Plaintiff proceeded to serve Ms. Bills under the Federal Rules of Civil Procedure.

10. At the time Plaintiff filed her Motion for Pretrial Conference to Discuss Discovery Dispute (Dkt. # 84) on January 13, 2020, Defendant had committed to the production of the Carmel Swim Club Board emails at issue if nonparty Carmel Swim Club did not assert or otherwise waived its privilege over the requested emails.

11. Prior to the filing of the above-referenced Motion, Defendant informed Plaintiff that it would be releasing the emails at issue by January 22, 2021 unless nonparty Carmel Swim Club chose to intervene and raise the issue directly with Plaintiff.

12. Defendant objected to Plaintiff's Motion—not because it objected to the relief requested by Plaintiff—but because Defendant believed the Discovery Conference to be unnecessary unless nonparty Carmel Swim Club informed the parties it would be objecting. Either way, Defendant believed Plaintiff's dispute with Defendant to be resolved.

13. On January 15, 2021, Plaintiff and Defendant were informed by Carmel Swim Club's counsel that Carmel Swim Club would be consenting to the release of the emails under certain conditions, to which Plaintiff agreed.

14. On January 19, 2021, Defendant released the Carmel Swim Club Board emails pursuant to the above agreement.

15. Plaintiff then indicated she was also requesting another email chain exchanged between Athletic Director Jim Inskeep and Chris Plumb, who has testified that he coached the Carmel High School Swim Team and was employed by Carmel Swim Club.

16. Once Plaintiff made clear she also sought this email chain, Defendant and Carmel Swim Club promptly conferred and agreed to produce this email chain as well under the same conditions as the previous two emails were released.

17.     On January 28, 2021, Plaintiff acknowledged that Defendant had produced or offered to produce all emails at issue, but that counsel for Plaintiff wished to proceed with the Discovery Conference scheduled for February 2, 2021 to "deter… similar conduct in the future."

WHEREFORE, the parties, by the undersigned counsel, respectfully submit this Joint Submission in advance of the Discovery Conference scheduled for February 2 at 2:30 p.m. before Magistrate Judge Debra McVicker Lynch.

Respectfully submitted,

*Jonathan Little\**
Jonathan Little
Jessica Wegg
SAEED & LITTLE, LLP
#189 – 133 West Market Street
Indianapolis, IN 46204
(317) 721-9214
jon@sllawfirm.com
jessica@sllawfirm.com

*\*Signature affixed with email permission*

*Jessica Williams Schnelker*
Jessica Williams Schnelker
Liberty L. Roberts
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T: (317) 773-2190
F: (317) 773-5320
JSchnelker@cchalaw.com
LRoberts@cchalaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this 1st day of February, 2021, a true and exact copy of the foregoing was sent electronically to the following counsel of record:

Jonathan Little
Jessica Wegg
SAEED & LITTLE, LLP
#189 – 133 W. Market St.
Indianapolis, IN 46204
T: 317-721-9214
Email: jon@sllawfirm.com
Email: jessica@sllawfirm.com
*Attorneys for Plaintiff*

               *Jessica Williams Schnelker*

Jessica Williams Schnelker
Liberty L. Roberts
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T: (317)773-2190 / F: (317)773-5320
JSchnelker@cchalaw.com
LRoberts@cchalaw.com