UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIELA NIEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:20-cv-00320-JMS-DML |
| | ) |
| CARMEL CLAY SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
RAY LAWRENCE'S MOTION TO QUASH**

Comes now Plaintiff Gabriela Nieves, by counsel, and responds in opposition to Ray Lawrence's Motion to Quash, requesting that the Court enforce the subpoena and order Ray Lawrence to appear for a video deposition in the above captioned matter.

## I.   INTRODUCTION

Ms. Nieves originally subpoenaed Ray Lawrence to testify in a deposition in relation to this case on January 19, 2021 at 11:00 a.m. On January 15, 2021, Ms. Nieves' counsel received an email requesting that the deposition be postponed because Lawrence had retained counsel who had a scheduling conflict. Ms. Nieves' counsel replied that he was "fine with postponing the deposition" and asked for a call in the following week to work out another day. There was no response to that request, and by February 22, Lawrence's deposition had still not been rescheduled, prompting Ms. Nieves' attorney to ask for March and April dates. On March 2, Ms. Nieves' attorney asked if Lawrence

1

would be available on the 28th. Lawrence's attorney replied asking about the 29th. [*See* Ex. A, email chain.] There was no other communication from Lawrence's attorney, and certainly no indication that he opposed the subpoena, objected to its scope, or would seek to quash it in its entirety, until the Motion under consideration was filed.

The testimony Ms. Nieves seeks from Lawrence is relevant and necessary to show Carmel's gross negligence and deliberate indifference in relation to the safety of its young student athletes, including her. Since the late 1970s or early 1980s, Carmel has only cared about one thing: winning. Even when Carmel has known about sexual predators in its coaching ranks, it has done *nothing* to change the culture to keep its students safe. Lawrence coached at Carmel from 1979 to 1994. As described below, he "fathered" the culture that led to their success in the pool. He's also the first in a steady line of Carmel swim coaches to get in trouble for sex with minor athletes[1]:

# USA Swimming bans Lawrence

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. The breadth of discoverable material via subpoena parallels the liberal scope permitted under Rule 26(b) so long as the material sought is relevant, and not privileged." *Ruckelshaus v. Cowan*, No. 1:17-cv-02009-JMS-MJD, 2018 U.S. Dist. LEXIS 233261, at *3 (S.D. Ind. Mar. 28, 2018). "The party seeking to quash a subpoena bears the burden of establishing its

---

[1] June 4, 2011 headline from THE INDIANAPOLIS STAR; the full story is reproduced below.

2

objections." *Id.* (citing *Jackson v. Brinker*, 147 F.R.D. 189, 194 (S.D. Ind. 1993)). "Undue burden or expense, actual or potential, must be shown by 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' Claims of undue burden are not exempt from the basic principle that unsupported statements of counsel are not evidence." *Id.* at *7-8 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) and *United States v. Adriatico-Fernandez*, 498 F. App'x 596 (7th Cir. 2012)).

## III.   ARGUMENT

### A. Ray Lawrence has not explained what the undue burden is.

Ray Lawrence's attorneys surprised Ms. Nieves' counsel with their Motion to Quash – they had never complained about the breadth of the subpoena or given Ms. Nieves' attorneys the opportunity to discuss and potentially limit it. They never raised any concerns that it was overly broad or unduly burdensome to allow Ms. Nieves' attorneys the opportunity to mitigate the burden. And even now, they have not adduced any evidence to support their conclusions that it the subpoena is unduly burdensome.

Attached as support to his Motion to Quash is the "Declaration of Non-Party Raymond M. Lawrence". [Dkt. 98-2.] This ten-paragraph document describes Lawrence's work history with Carmel and Speedway (¶¶ 1-7), misrepresents his association with Carmel Swim Club and USA Swimming generally (¶8, see below for discussion of misrepresentation), and denies that any current Carmel Athletics staff would have supervised his performance (¶¶9-10). That's it.

Lawrence does not say that compiling responsive documents will take an inordinate amount of time, cause him an unallowable level of inconvenience, or result in a loss of income to him. Nor would we expect such an argument, since the subpoena in question (*see* Dkt. 98-1) only seeks those documents in Lawrence's *possession*, not "all documents" unqualified.

Without knowing what exactly the burden is, neither the Court nor Ms. Nieves can do anything to alleviate the burden. The Court cannot quash the subpoena as unduly burdensome based only on the unsupported statements of counsel. The Motion should be denied.

### B.  Lawrence's testimony is particularly important given his creation of the swimming culture at Carmel and his own sexual misconduct with athletes while there.

There has been a decades-long culture of sexualization and sexual abuse of swimmers in Carmel's program; for the girls, it started with Ray Lawrence, who, when speaking of Carmel High School's achievements in swimming championships, stated: "The real key is that the coaches that followed have all maintained that culture."[2] *Swimming Superiority*, TAMPA BAY TIMES, Jan. 16, 2006.

---

[2] https://www.tampabay.com/archive/2006/01/15/swimming-superiority/

4

That culture, and the system that supports it, is the brainchild of Ray Lawrence, the "father of Carmel Swimming":

> "We've set a standard, and as all these younger kids come along, they want to be part of a legacy."
>
> Former Carmel coach Ray Lawrence
>
> With Carmel swimming, everything begins with a feeder system unlike any other in the state, or maybe even the country. The Carmel Swim Club came of age under the tutelage of Ray Lawrence, the father of Carmel swimming. He led the swim club from 1979 through 1990 and coached the Carmel High School girls from 1980-90.
>
> "I was reading in a book that it takes five to seven years to create systemic change, and that's exactly what it took," Lawrence said Saturday. "I came to Carmel

Bob Kravitz, *Carmel keeps on winning, for 23 years in a row*, The Indianapolis Star, February 15, 2009.[3]

The *culture* that Lawrence created, the *systemic change* that he caused Carmel to adopt in support of it, and the *legacy* that he created for himself and for Carmel has not only resulted in State swimming championships for the school (although that is all they seem to care about). Multiple kids, *that we know about*, were badly hurt and abused by their coaches along the road to those championships, including by the architect himself: Ray Lawrence.

Before Carmel Coach Goelz[4], Ms. Nieves' rapist, there was Carmel Coach Richard Rice, who killed himself after being charged with raping a girl he coached at Carmel.[5]

---

[3] Full story attached as Exhibit B.
[4] Banned for life by USA Swimming (*see* https://www.usaswimming.org/safe-sport/individuals-suspended-or-ineligible).
[5] See Exhibit C.

5

Before Rice, there was Tony Young, who was criminally charged for failing to report the sodomy of a child he coached.[6] And before Tony Young, there was Ray Lawrence.

Just over two years after THE INDIANAPOLIS STAR published its article lauding Lawrence's legacy at Carmel, it ran this one:

## USA Swimming bans Lawrence

### Coach who led Carmel girls, boys to state titles in late 1980s, early '90s is accused of 8 violations; ban is for life

**By Mark Ambrogi**
mark.ambrogi@indystar.com

Indiana High School Swimming & Diving Hall of Fame member Ray Lawrence was suspended for life from USA Swimming.


Ray Lawrence (1993 photo)

Lawrence, who won 11 boys and girls swimming state titles as Carmel High School's coach from 1979 to '94, was banned from USA Swimming on March 8 for violations that occurred before the current Code of Conduct, said Chuck Wielgus, executive director of USA Swimming. Wielgus would offer no specifics on the reason. The Code of Conduct started in the late 1990s.

Jamie R. Olsen, USA Swimming director of communications, said in an email response that there is an appeals process on the ban, but Lawrence chose not to exercise that option.

Lawrence could not be reached for comment.

Code of Conduct violations include doping, discrimination, failure to report sexual misconduct, conviction of a felony, possession or sales of illegal drugs, any crime involving sexual misconduct and any crime against a minor, inappropriate sexually-oriented behavior, providing alcohol to any athlete under the legal age, the abuse of alcohol in the presence of an athlete under the age of 18, physical abuse of an athlete, any act of fraud or deception in connection with a USA Swimming-related activity and recruiting another club's athletes.

Carmel Clay Schools spokeswoman Tricia Reynolds said school officials have no knowledge of any incidents or problems during Lawrence's time as coach.

"We're caught off guard and surprised," Reynolds said.

Lawrence left Carmel to become an assistant principal at Speedway High School. After serving seven years as assistant principal, he served as principal from 2002 until retiring in 2007. He is now a principal with the Indiana Online Academy.

The Online Academy, which was founded by the Central Indiana Educational Service Center, released this statement: "Ray Lawrence is an employee in good standing with CIESC. We are not aware of any conduct that would cause us to question his standing. He's a licensed and experienced principal in good standing and this matter is being investigated."

Lawrence won six girls state titles at Carmel, including five in a row from 1986-87 to '90-91 that started the current string of 25 in a row. Lawrence's teams won five boys state titles in a row from 1989-90 to '93-94. He was named the National Men's High School Coach in 1995.

★ Call Star reporter Mark Ambrogi at (317) 444-6047.

THE INDIANAPOLIS STAR, Page C5 (June 4, 2011).

As USA Swimming's banned list indicates, the measure (which Lawrence did not appeal) was related to sexual misconduct:



| LAWRENCE | Ray | IN | 3/8/2011 | 450.1, 401.1 | Sexual Misconduct |

[7]

---

[6] *See* Exhibit D.
[7] *See* https://www.usaswimming.org/safe-sport/individuals-suspended-or-ineligible

6

Note that Lawrence was not banned until March 2011 – prior to that time, presumably, he was a member of USA Swimming, quite contrary to his sworn statement that he had no "formal association with . . . USA Swimming generally since approximately 1995." [Dkt. 98-2, ¶ 8.]

Ms. Nieves needs to know about the culture that Ray Lawrence created at Carmel, and she is entitled to inquire into it from the person who gladly waxed poetic about it to the media until his star fell in 2011.

### C. Ms. Nieves cannot get documents from our adversary; for one thing, Carmel keeps covering their bad actions up.

Ms. Nieves cannot get the information from Carmel itself. To the extent the information would even be available from Carmel, she has tried. But Carmel's esteem and protectionism for Lawrence (or maybe for itself?) seems to know no bounds. On information and belief, in 2016, five years after he was banned for life for sexual misconduct while at Carmel, Carmel invited Lawrence to be a guest of honor at a celebration of the Carmel Clay Girls Swim Team. And to this day, Lawrence is still a member of Carmel's Athletic Hall of Fame.[8] Carmel has no plans to remove him from it. (Ex. F, Inskeep Dep. 74:20-76:13.)

Perhaps most egregiously (and the most clear example of Carmel covering its tracks), Carmel wrote glowing letters of recommendation for Lawrence to become a school administrator, despite knowing the real reasons for Lawrence's departure from

---

[8] https://carmel.touchpros.com/ProfilePortrait.aspx?type=Athletes&searchBy=LastName&searchQuery=L&Id=267343&page=0&tabid=435&donor_search=Sports

Carmel. These letters of recommendation (attached as Exhibit E) were *not* produced by Carmel in response to Ms. Nieves' discovery requests, but were provided by Speedway in response to a third party subpoena.

Something is seriously wrong when the administration at a high school knows that an employee is crossing the line with students and does nothing to stop him. Whatever the *culture* or *systemic change* Lawrence started at Carmel was, it meant that nobody took steps to prevent the violent rape of Ms. Nieves.

## IV.     CONCLUSION

For the foregoing reasons, the Motion to Quash should be denied.

Respectfully submitted,

s/ *Jonathan Little*
Jonathan Little, jon@sllawfirm.com
Annemarie Alonso, annie@sllawfirm.com
SAEED & LITTLE, LLP
#189 – 133 West Market Street
Indianapolis, IN 46204
(317) 721-9214

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed using the Court's CM/ECF System. Service will be made on all counsel of record by operation of the same.

April 19, 2021                              s/ *Jonathan Little*
                                            Jonathan Little