UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIELA NIEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No: 1:20-cv-00320-JMS-DML |
| ) | |
| CARMEL CLAY SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL DECLARATION OF NON-PARTY RAYMOND M. LAWRENCE IN SUPPORT OF MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

I, Raymond M. Lawrence, being more than 21 years of age and of sound mind and having been first duly sworn upon my oath, hereby state as follows based upon my own personal knowledge:

1. Even though I have been quoted in news articles about the time I spent coaching at Carmel, I have not had any formal association with Carmel since the Spring of 1995.

2. The only other interactions that I can recall with Carmel at all include a very occasional pep talk, but it has been at least 15 years since the last time I gave any pep talks to Carmel.

3. When I previously stated that I have not had any formal association with USA Swimming since 1995, this includes my membership with USA Swimming, as I allowed my membership to lapse since I was no longer involved in coaching swimming.

**Exhibit C**

4. More specifically, while I had a membership with USA Swimming at some point, my membership with USA Swimming lapsed by 1995, and I have not renewed or attempted to renew my membership since then.

5. When I became aware of a complaint against me in 2011, I had not been involved in USA Swimming for at least 16 years.

6. In 2011, I had already retired from Speedway Schools and was in my last year of administering the Indiana Online Academy.

7. USA Swimming did not provide me with a copy of the complaint made against me or identify the complainant.

8. I learned that USA Swimming would only place an asterisk next to my name since the allegations did not violate its Code of Conduct in place when I was a member of USA Swimming.

9. Because of this representation by USA Swimming and because I had no involvement with swimming at least 16 years by this point, I decided not to spend the time and resources to seek a hearing on the complaint.

10. I was not aware of the change in designation "Sexual Misconduct" next to my name on USA Swimming's website until Ms. Nieves's counsel sought my deposition in this case in approximately January 2021.

11. I never knew John Goelz and never worked with him.

12. I never knew Richard Rice and never worked with him.

13. I worked with Tony Young for approximately 3 years between 1991 and 1994, when I was coaching the men's swimming team at Carmel, and Mr. Young coached the women's team at Carmel as well as the Carmel Swim Club.

14. As I had already left Carmel by the Spring of 1995, I had no knowledge of or involvement in the criminal allegations against Mr. Young, which apparently involved a failure to report an incident in 1998 between students wholly unrelated to Ms. Nieves' allegations in this case.

15. I had no formal association with Carmel at the time Mr. Young was fired. I was not even aware until recently that Mr. Young was fired.

16. I had no communications with Mr. Young about the alleged failure-to-report incident from 1998 or the criminal charges against Mr. Young.

17. I did not receive an invitation from Carmel to be a guest of honor at a celebration of the women's swimming team nor am I aware of such an invitation. I also did not attend any such celebration at any time in at least the past 10 years.

18. The recommendation letters, which are attached to *Plaintiff's Response in Opposition to Ray Lawrence's Motion to Quash* [Dkt. 102-5], were part of an application that I submitted to an administrator's program in 1994 at Butler University.

I HEREBY AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE.

Dated: <u>April 26, 2021</u>        <u>*s/ Raymond M. Lawrence*</u>
                                     Raymond M. Lawrence