UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION



GABRIELA NIEVES;

      Plaintiff,

v.

CARMEL CLAY SCHOOLS, CHRIS
PLUMB, JOHN GOELZ, and RED ROOF
INN,

      Defendants.

Case No:  1:20-cv-00320-JMS-DML

---

**GABRIELA NIEVES RESPONSE  SCHOOLS' FIRST INTERROGATORIES TO
PLAINTIFF**

**INTERROGATORIES**

1.    Identify each person who  provided information used, or relied upon, to answer these interrogatories.

    **ANSWER:**

My attorneys, my parents, and myself.

2.    State and specify the details of all damages you seek to recover as a result of this litigation.

    **ANSWER:**

    **Objection calls for a legal conclusion.** Without waiving any objections I seek to recover

for the physical and emotional trauma of being raped by John Goehlz. Goehlz, who was my

coach when I swam for Carmel High School, raped me. He violated my trust and took naked

pictures and videos of me engaging in explicit sex acts as a minor.

    As a result of reporting to Goehlz to law enforcement I was osterized  by the Carmel

High School Community, specifically but not exclusively the Carmel High School Swim

Plaintiff reserves the right to amend this response as discovery is ongoing.  Plaintiff has spoken with:

1. My parents

2. My therapist at Prevail

3. Law enforcement specifically Federal Agent Michael Johnson and Fishers Police Officer John Pirics

4. Caleb Shaffer

5. Attorneys for law enforcement.


9. Identify the basis, documents, and "good ground[s]" under Rule 11 supporting your allegations in Paragraph 11 of Plaintiff's Complaint that "parents of other Carmel swimmers related to Defendant Plumb their concerns that Goelz's interactions with female swimmers was inappropriate." Include in your answer all parents known to you who spoke with Defendant Plumb and your knowledge of what was said.

**<u>ANSWER:</u>**

Plaintiff reserves the right to amend this response as discovery is ongoing.

On December 12, 2017 Ron Hahn, a father of a friend and teammate Elizabeth Hahn contacted Carmel Clay School employee, Jon Ranochak about John Goelz having inappropriate conversations with me. Mr. Ranochak relayed those concerns in an email to another Carmel Clay School employee Chris Plumb; neither Plumb nor Ranochak did a proper investigation of Mr. Hahn's concerns, including never speaking about them to my parents or myself.

10. Identify the basis, documents, and "good ground[s]" under Rule 11 supporting your allegations in Paragraph 40 of Plaintiff's Complaint that "Mr. Plumb and Carmel Clay

Finally please see my response to Interrogatory #10. I reserve the right to amend this response as discovery is ongoing.

11.     Identify the basis, documents, and "good ground[s]" under Rule 11 supporting your allegations in Paragraph 41 of Plaintiff's Complaint that "Carmel Clay Schools have a long history of tolerating sexual relationships between their coaches, teachers, and staff and underage students." Include in your answer the other "historical" instances to which you are referring and how they are relevant to the present litigation.

**ANSWER:**

Objection to the extent this interrogatory is calling for a legal conclusion under "Rule 11" which Counsel for Plaintiff assumes is Federal Rule of Civil Procedure 11. Objection has this is not the appropriate method of bringing a Rule 11 allegation, further Plaintiffs allegations are well founded and Carmel Clay pursuit of Rule 11 remedies would be sanctionable.

The Carmel School Defendants are in the best position to identify all of their teachers, coaches, administrators, and employees who have raped the children in their care since Carmel established a girls swim team in 1979. However from the public record Plaintiff has established the following;

Swim Coaches at Carmel High School Who Sexually Assaulted Female Athletes Since 1994:

Swimming became an official girls high school sport in Indiana in 1979, since 1979 the following men have coached the Carmel High School Team and raped their female Swimmers :

a.   Ray Lawrence head coach from 1979- 1994, banned for life by USA Swimming in 2010 Lawrence for having sex with his minor female swimmers at Carmel. https://swimswam.com/ray-lawrence-becomes-highest-profile-coach-since-uchiyama-to-receive-permanent-usa-swimming-ban/

From 1994 onward Carmel High School has actively concealed why Lawrence suddenly stopped coaching their girls swim team in 1994. Ray Lawrence went onto become the high

7

"historical" instances to which you are referring and how they are relevant to the present litigation.

**<u>ANSWER:</u>**

Objection to the extent this interrogatory is calling for a legal conclusion under "Rule 11" which Counsel for Plaintiff assumes is Federal Rule of Civil Procedure 11. Objection has this is not the appropriate method of bringing a Rule 11 allegation, further Plaintiffs allegations are well founded and Carmel Clay pursuit of Rule 11 remedies would be sanctionable.

I fully incorporate my answers to prior interrogatories here as if set forth fully. Carmel High School has a long history of swim coaches raping their female swimmers and not taking corrective measures to protect female swimmers from sexual assault. Carmel never reported Ray Lawrence's rapes of his girl swimmers in the 1980's and instead stayed silent as Mr. Lawrence spent decades around girls in another school district. In the 1990s Carmel High School swim coach (Tony Young) have failed to report the gang sodomy of a mentally handicapped swimmer and in the 2000s Carmel Swim Coach  committed suicide after he was charged criminally for having sex with the girls he coached at Carmel High School. Sadly, the absolute disregard for the safety of minor swimmers has continued unabated into the 2010's;  in December 2017 Carmel Swim Coaches Plumb and Ranochak failed to properly address specific concerns about Carmel Swim Coach Goelz's and myself, those failures led to my rapes in 2018.

This pattern of in action regarding the rape of minor swimmers at the Carmel Clay Schools is relevant to my claims for damages, including but not limited to my claims for punitive damages based on the deliberate indifference of the Carmel Schools under Title IX.

13.     Identify the basis, documents, and "good ground[s]" under Rule 11 supporting your allegations in Paragraph 46 of Plaintiff's Complaint that "Defendants Plumb, and Carmel Clay Schools created and maintained the environment and conditions necessary for Goelz to access, groom, and ultimately rape Miss Nieves." Include in your answer the alleged "conditions" you claim Carmel Clay Schools created.

**ANSWER:**

Objection to the extent this interrogatory is calling for a legal conclusion under "Rule 11" which Counsel for Plaintiff assumes is Federal Rule of Civil Procedure 11. Objection has this is not the appropriate method of bringing a Rule 11 allegation, further Plaintiffs allegations are well founded and Carmel Clay pursuit of Rule 11 remedies would be sanctionable.

Objection repetitive and duplicative of Interrogatories 9, 10, 11, and 12.  Please see the responses to interrogatories 9-12.

14.     Identify the basis, documents, and "good ground[s]" under Rule 11 supporting your allegations in Paragraph 55 of Plaintiff's Complaint that "[a]t least one appropriate person within Carmel Clay Schools had actual knowledge that Goelz was behaving in a sexually inappropriate manner towards Miss Nieves." Include in your answer the name of the individual who possessed knowledge and when/how you allege he/she came to possess it.

**ANSWER:**

Objection to the extent this interrogatory is calling for a legal conclusion under "Rule 11" which Counsel for Plaintiff assumes is Federal Rule of Civil Procedure 11. Objection has this is not the appropriate method of bringing a Rule 11 allegation, further Plaintiffs allegations are well founded and Carmel Clay pursuit of Rule 11 remedies would be sanctionable.  Further this interrogatory calls for information that is protected by the attorney client privilege. Discovery

has revealed that at least two Carmel School employees (in addition to Carmel Clay High School Swim Coach Goelz) had actual knowledge of an inappropriate relationship between myself and Goelz by December 12, 2017 : Jon Ranochak and Chris Plumb.

15.     Identify the basis, documents, and "good ground[s]" under Rule 11 supporting your allegations in Paragraph 82 of Plaintiff's Complaint that Carmel Clay School was negligent for "failing to adequately respond to reports of inappropriate conduct."

**ANSWER:**

Objection to the extent this interrogatory is calling for a legal conclusion under "Rule 11" which Counsel for Plaintiff assumes is Federal Rule of Civil Procedure 11. Objection has this is not the appropriate method of bringing a Rule 11 allegation, further Plaintiffs allegations are well founded and Carmel Clay pursuit of Rule 11 remedies would be sanctionable.

On December 12, 2017 Ron Hahn, a father of a friend and teammate Elizabeth Hahn contacted Carmel Clay School employee, Jon Ranochak about John Goelz having inappropriate conversations with me. Mr. Ranochak relayed those concerns in an email to another Carmel Clay School employee Chris Plumb; neither Plumb nor Ranochak did a proper investigation of Mr. Hahn's concerns, including never speaking about them to my parents or myself.

16.     Identify the basis, documents, and "good ground[s]" under Rule 11 supporting your allegations in Paragraph 82 of Plaintiff's Complaint that Carmel Clay Schools was negligent by "turning a blind eye to the nefarious malfeasance of coaches in the swimming world for decades, thus allowing a culture of sexual abuse and rape to persist."

**ANSWER:**

11

Objection to the extent this interrogatory is calling for a legal conclusion under "Rule 11" which Counsel for Plaintiff assumes is Federal Rule of Civil Procedure 11. Objection has this is not the appropriate method of bringing a Rule 11 allegation, further Plaintiffs allegations are well founded and Carmel Clay pursuit of Rule 11 remedies would be sanctionable.

This interrogatory is duplicative of interrogatories 11 and 12. Please see my responses to interrogatories 11 and 12.

_____

Gabriela Nieves – Date