IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GABRIELA NIEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-320-JMS-DML |
| | ) | |
| CARMEL CLAY SCHOOLS, | ) | |
| JOHN GOELZ, and RED ROOF INN, | ) | |
| | ) | |
| Defendants. | ) | |

---

## PLAINTIFF'S MOTION TO COMPEL [CORRECTED]

---

Comes now Plaintiff Gabriela Nieves, by counsel, and pursuant to Fed. R. Civ. P. 37(a) and S.D.Ind. L.R. 37-1, respectfully moves the Court for an order compelling Defendant Carmel Clay Schools to produce certain documents responsive to requests propounded by Plaintiff in accordance with Fed. Rs. Civ. P. 26 and 34, and in support thereof, states as follows:

### DESCRIPTION OF THE DISPUTES AND EFFORTS TO RESOLVE

On April 25, 2020, Plaintiff served Defendant Carmel Clay Schools with her first set of interrogatories and first set of requests for production of documents. On June 30, 2020, Carmel Clay responded to these discovery requests. After reviewing the responses, Plaintiff considered several responses deficient and communicated the concerns to counsel for Defendant Carmel Clay. Further, as the Court knows, the parties have had four discovery conferences. At the last discovery conference on February 2,

2021, the Court has said that that Counsel does not have to have to have any more informal discovery conferences or engage in any other meet and confer efforts on the issues below. Thus, Plaintiff now files this Motion to Compel to obtain the requested documents. Plaintiff further requests that the Defendant produce these documents within seven days of the court's order as discovery closes on June 30, 2021.

After numerous discovery conferences with the Court, Plaintiff's counsel sent more requests for production of documents. On February 2, 2021, Plaintiff set a second request for production of documents and on April 5, 2021, the Defendant responded. Again, the Defendant's responses are deficient and some are not fully answered. On March 4, 2021, Plaintiff set a third request for production of documents, Carmel Clay responded on April 19, 2021 – improperly withholding documents related to student on student sexual misconduct by members of the Carmel High School swim team in 2015 for example – however this and other issues with Carmel's response to Plaintiffs third set of RFPs that are were not raised by Plaintiffs original requests  are not covered in this motion.

This (First) Motion To Compel presents, the following discovery response issues to the Court: (1) Defendant still refuses to produce documents that are available as a matter of public record and that the Court has stated in discovery conferences should be produced; (2) Defendant's decision to limit its responses with a time frame of four years was arbitrary; and (3) Defendant has asserted improper privilege over at least one document from the Carmel Swim Club. The requests, responses, and subsequent efforts

to resolve, are described below. Full copies of the discovery and subsequent emails are attached hereto as Exhibits A-E.

**First Request for Production of Documents:**

**Plaintiff's Request No. 5:**

Produce a list of all settlements, compromised solutions, etc. (including dates, settlement amounts, and involved parties, with cause numbers if applicable) paid by the Carmel School Corporation from 1979 to the present that in anyway involve a member of any Carmel athletic team. For example, but in no way limited to, situations involving inappropriate sexual contact between a coach and an athlete. Where available, please produce the settlement agreements. (1979 is the year School started its girls swim program)

*Defendant's Response* (excerpts):

Subject to and without waiving the forthcoming objections, Defendant states that Carmel School Corporation has not paid any settlements or "compromised solutions," from 2002 to present that involve allegations of inappropriate sexual contact between a Carmel High School swimmer and either volunteer or paid coach(es) associated with the Carmel High School Athletic Department. Other than the present suit involving John Goelz, there have been no claims, lawsuits, or settlements involving allegations of inappropriate sexual contact between either volunteer or paid coaches associated with the Carmel High School Athletic Department since 2002. No official at Carmel Clay School had actual notice that John Goelz was behaving in a sexually inappropriate manner toward Plaintiff until police arrested John Goelz for his conduct.

3

* * *

Defendant denies that the settlement agreements—particularly given the scope

requested—bear any relevance and/or proportionality to the present dispute.

* * *

Under Plaintiff's Title IX claim, Plaintiff contends that Defendant received

federal funding and that at least one person with Defendant had "actual knowledge

that Goelz was behaving in a sexually inappropriate manner towards [Plaintiff]."

Compl. ¶ 55. . . . The conduct of other members of the athletic department toward any

other students has no bearing on any matter related to Plaintiff's Title IX claim.

* * *

Defendant has provided a response proportionate to the needs of the present

case by indicating that:

(1)     None of the Swimming Coaches or Athletic Directors employed by
        Carmel Clay Schools from August 2017 through July 2018 had entered
        into any settlement agreements or releases involving "inappropriate
        sexual contact."

(2)     Other than the present suit involving John Goelz, there have been no
        claims, lawsuits, or settlements involving allegations of inappropriate
        sexual contact between either volunteer or paid coaches associated with
        the Carmel High School Athletic Department since 2002.

(3)     No official at Carmel Clay Schools had actual notice that John Goelz was
        behaving in a sexually inappropriate manner toward Plaintiff until police
        arrested John Goelz for his conduct.

Providing settlements or compromised solutions unrelated to this case or any of

the individuals involved in the present dispute is further outweighed by

proportionality and policy concerns. . . . Thus, whereas here, relevance is relatively low

(or non-existent, as Defendant contends), public policy considerations also weigh against the disclosure of settlement agreements.

**Plaintiff's Reply (excerpts):**

July 7, 2020 email[1]: We are going to have a lot of meet and confers and motions to compel coming – your decision to limit the time frame of your discovery searches from August 2017- to July 2018 is arbitrary and inappropriate for starters. What time shall we have our meet and confer call? I am free tomorrow morning, most of the day Thursday and Friday.

July 8, 2020 email[2]: Our Title 9 claim is based on Carmel's 41 year history of having child rapists coach their swim teams and not doing anything about it – so the info about Ray Lawrence et al is entirely germane to that claim and you guys know it – you cannot make Rule 11 accusations against me[3] and then not produce the documents that support the accusations in our complaint.

---

[1] July 7, 2020 email (Subject: Re: Nieves – Discovery Responses) from Jon Little (counsel for Gabriela Nieves) to Jessica Williams Schnelker and Liberty L. Roberts (counsel for Carmel Clay Schools) and Grover B. Davis and Scott Mandarich (counsel for Red Roof Inn). Attached as Exhibit A.

[2] July 8, 2020 email (Subject: Nieves v. Carmel Clay Schools, MEET AND CONFER COMMUNICATION) from Jon Little (counsel for Gabriela Nieves) to Jessica Williams Schnelker and Liberty L. Roberts (counsel for Carmel Clay Schools) and Grover B. Davis and Scott Mandarich (counsel for Red Roof Inn). Attached as Exhibit A.

[3] This refers to Defendant Carmel Clay's discovery to Plaintiff, wherein the following interrogatory (among several like it) was propounded: "11. Identify the basis, documents, and 'good ground[s]' under Rule 11 supporting your allegations in Paragraph 41 of Plaintiff's Complaint that 'Carmel Clay Schools have a long history of tolerating sexual relationships between their coaches, teachers, and staff and underage students.' Include in your answer the other 'historical' instances to which you are referring and how they are relevant to the present litigation." The interrogatories imputing these Rule 11 violations are attached as Exhibit B.

The settlement agreements we requested are available as public information – we could make an APRA request and get them, but that is unnecessary – so just please produce them. Also, just FYI, I have no intention of keeping these documents confidential if I have to get them through an APRA request.

Carmel has a serious problem of coaches raping kids generally – again we know of a soccer coach, a cross country coach, and a basketball coach, in addition to the numerous swim coaches who have been criminally charged or publicly accused of raping children – again, you cannot make Rule 11 accusations against me then hide the documents which clearly validate the accusations in our complaint. Please produce all the documents in your client's possession for any coach, or teacher who has allegations of raping students at the Carmel Clay Schools. There is a public need to get these documents into the record to protect future children – for example, Carmel knew Ray [Lawrence] was a rapist but then let him go on to Speedway and have access to kids there for over a decade, the public has a right to know who is teaching their children and Carmel has no problem passing rapists to other school systems.

August 26, 2020 email[4]: We are preparing our motion to compel for the other items, I will send over a draft of it this week, and then let's see if we can avoid having to file a motion to compel documents that are largely available via APRA.

- -

---

[4] August 26, 2020 email (Subject: Re: Nieves v. CCS – Carmel's Response to Meet and Confer – Update on Discovery Response Supplementation) from Jon Little (counsel for Gabriela Nieves) to Jessica Williams Schnelker and Liberty L. Roberts (counsel for Carmel Clay Schools). Attached as Exhibit C.

**The issue:**

The Defendant still has not produced these settlements, despite being ordered to

do so by

the Court at the previous discovery conferences. At the date of this filing, the Defendant

has had 370 days to produce these settlement documents and not one has been turned

over.

**Plaintiff's Request No. 6:**

Please produce all documents in your possession related to the following girls

swim coaches, volunteers, agents, or representatives of the Carmel Clay Schools:

1. Ray Lawrence – Former girls' head swim coach (banned for life by USA
   Swimming for molesting girls)

2. Ken Stopkotte – Former girls' head swim coach (the swim coach who hired
   Rick Rice (see below) and the whistleblower on the infestation of child
   molester swim coaches in United States Swimming nationally)

3. Tony Young – Former girls' head swim coach (Young was charged criminally
   for failing to report the anal rape of a handicapped swimmer at Carmel)

4. Rick Rice – Former girls' assistant swim coach (Rice committed suicide after
   being charged criminally with molesting one of the Carmel High School girls
   he coached)

5. Chris Plumb[5] – girls' swim coach and Defendant in this case.

---

[5] Chris Plumb has since been dismissed from the present action.

6. John Goelz – assistant coach at Carmel High School and Defendant in this case, convicted of molesting Plaintiff while she was a swimmer for Carmel High School.

*Defendant's Response* (excerpt):

Defendant objects to producing materials related to Ray Lawrence, Ken Stopkotte, Tony Young, and Rick Rice for the reasons set forth above in Defendant's Response to Request No. 5. All such employees were employed by Carmel Clay Schools well before any time period relevant and/or proportional to the present case. Ray Lawrence was employed from 1979 to 1995; Ken Stopkotte was employed from 2000 to 2003; Tony Young was employed from 1991 to 2000; and Rick Rice was employed from 1995 to 2001. Their involvement with students, any settlements concerning their conduct, and all materials related to their employment are irrelevant and disproportionate to the needs of the present case.

**Plaintiff's Reply:**

[See above excerpts from July 8, 2020 and August 26, 2020 email.]

- -

**The issue:**

At this point, Plaintiff believes that all documents relevant to Ken Stopkotte have been produced. That being said, the Plaintiff believes that Defendant is still withholding documents related to Ray Lawrence, Tony Young, Rick Rice, Chris Plumb and John Goelz. Regarding the Ray Lawrence documents, Plaintiff subpoenaed all documents regarding Mr. Lawrence from Speedway (as that was Mr. Lawrence's employer after

8

Carmel). Plaintiff subsequently received 136 documents, and three of those documents are letters of recommendation from Carmel staff written on Ray Lawrence's behalf. Those recommendation letters are attached as Exhibit D. Thus, Plaintiff has serious concerns that the Defendant continues to withhold documents relating to Mr. Lawrence and other coaches particularly Rice, Young, and Goelz.

**Plaintiff's Request No. 7:**

Produce any recommendations or references provided by School for Ray Lawrence, please be sure to provide the one that School provided to the Speedway School Corporation and any others.

*Defendant's Response:*

See response and objections to Requests 5-6.

**Plaintiff's reply:**

[See above excerpts from July 8, 2020 and August 26, 2020 email.]

-   -

**The issue:**

As noted above, Plaintiff subpoenaed all documents regarding Mr. Lawrence from Speedway Schools. Plaintiff subsequently received 136 documents, and three of those documents are letters of recommendation from Carmel staff. The Defendant still has not produced these documents and provides no reason as to why they have not been produced or why they are not in its possession.

**Plaintiff's Request No. 8:**

9

Produce any recommendations or references provided by School for Ray

Lawrence, Tony Young, please be sure to provide the for Indiana Swimming as well as

any others.

*Defendant's Response:*

See response and objections to Requests 5-6.

**Plaintiff's reply:**

[See above excerpts from July 8, 2020 and August 26, 2020 email.]

-   -

**The issue:**

Again, Plaintiff reiterates her points made above. The Defendant has not

produced any

documents related to this request, despite having four discovery conferences with the

Magistrate Judge.

**<u>Second Request for Production of Documents</u>**

Plaintiff's counsel sent a second additional seventeen requests for production of

documents on February 20, 2021. Defendant answered this production on April 5, 2021

with at least two incomplete responses. For responses 1, 2, 5, 7, 9, 12, and 16, the

Defendant stated that there was an "agreed scope of prior searches" for August of 2015

through May of 2019, which is when the Plaintiff attended Carmel High School.

Counsel has included that language, italicized, below as an example:

**Plaintiff's Request No. 2**

Please produce all written documents, including but not limited to emails that in any way reference Carmel Swim Club.

RESPONSE: Subject to and without waiving the forthcoming objections, Defendants states that it searched all emails for the search term "Carmel Swim Club" from *August 2015 through May 2019, the years that Gabriela Nieves attended Carmel High School and consistent with the agreed scope of prior searches conducted for pertinent communications in Plaintiff's First Requests for Production.* The results of this search are produced herewith (see Defts RESP0021561-0023904)…

**The issue:**

To be clear, Plaintiff's counsel has never agreed to limit the scope of the searches for any of her requests to the Defendant. Thus, Plaintiff requests that all items be produced without arbitrarily limiting the scope of the search.

**Plaintiff's Request No. 6**

Please produce all emails between any Carmel Clay School employee, agent, representative and Bernard Pylitt.

RESPONSE: …An email within the chain produced at DEFTS RESP0018758 has been redacted pursuant to the Privilege Log that has been provided in prior Responses to Plaintiff's First Requests for Production.

**The issue:**

The Defendant has improperly asserted work product privilege for an email from a Carmel employee to Mr. Pylitt, who was counsel for the Carmel Swim Club. See Ex. E. Further, at no time has Mr. Pylitt been a lawyer for Carmel Schools; thus, any

11

privilege was lost once this email was forwarded to Mr. Pylitt. Therefore, the Defendant must produce this email and all other similar documents.

## ARGUMENT

Defendant should be compelled to produce documents that fully and completely respond to all of Plaintiff's Requests. To date, the Defendant has not fully complied with its discovery obligations as (1) Defendant still refuses to produce documents that are available as a matter of public record and have been the subject of pervious discovery conferences; (2) Defendant's decision to limit its responses to a specific time frame is arbitrary (2015-2019); and (3) Defendant has asserted improper privilege over an emails with Buddy Pylitt of the Carmel Swim Club.

### A.  Defendant Still Refuses to Produce Documents that are Available as a Matter of Public Record

Despite four discovery conferences, the Defendant has still refused to produce the settlement agreements Plaintiff has been requesting for more than a year. Defendant should further be compelled to produce the documents because they are a matter of public record, and Defendant is, by far, in the best position to produce them to Plaintiff with the least amount of burden and trouble. Plaintiff *could* file an APRA request to obtain the documents, but she should not *have to* do that. "APRA was not meant to serve as a substitute for discovery." *Gibson v. Ind. State Pers. Dep't*, 2019 U.S. Dist. LEXIS 96569, *5, 2019 WL 2411330 (S.D. Ind. June 7, 2019). Finally, even though Plaintiff has requested documents back to 1979, this should not be such an impediment to Defendant that production is rendered disproportional. It is Plaintiff's fervent hope

(whatever help it may provide her for her case) that there are not *so many* examples are Carmel Schools entering into agreements with abusive staff that they cannot possibly be produced. If there are such an insurmountable number of agreements, this would be a good time for Carmel to do some self-evaluation and reflection about what sort of learning environment they are providing their students.

### B.  Defendant Cannot Arbitrarily Limit the Timeframe for the Responses

Defendant did not have any discussion with Plaintiff's counsel before arbitrarily and unilaterally limiting its responses to requests seeking decades of documentation a 4-year time frame of 2015-2019. Given the Defendant's previous issues with disclosing discovery to the Plaintiff, Counsel has serious concerns with the Defendant and its arbitrarily imposed time limit.

### C. Improper Privilege Assertion

Finally, the Defendant has asserted privilege over an email entitled "Litigation Hold" from Joyce Meyers (a non-attorney) to Tom Harmas; Jim Inskeep; Bruce Wolf; Andrea Dixon; Chris Plumb; Sue Sinclair; Christi Cloud; Collen Nobis; Roger McMichael. None of these people listed are attorneys—they are all employees of the Carmel Clay Schools. The Defendant states that this email is "work product" but an attorney is not listed as an author or recipient; nor can we be sure that this email was sent at the direction of an attorney. Lastly, that email was then forwarded to Mr. Pylitt, the attorney for USA Swimming and the Carmel Swim Club, thus further waiving any "work product" privilege assertion.

13

**REQUEST FOR RELIEF**

Wherefore, Plaintiff prays that the Court will enter an order compelling

Defendant to produce responsive documents within seven days of the Court's order,

award Plaintiff fees for the cost of the Motion, and for all other relief just and proper in

the premises.

Respectfully,

S/Jonathan Little
Saeed and Little, LLP
133 W. Market St. #189
Indianapolis, Indiana 46204
(317)721-9214
jon@sllawfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing has been served via the Court's ECF system to

all counsel of record on the date of this filing.

/s/Jonathan Little