UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIELA NIEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00320-JMS-DML |
| | ) |
| CARMEL CLAY SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

PLAINTIFF'S SUR-REPLY IN SUPPORT OF HER RESPONSE IN OPPOSITION
TO NON-PARTY RAY LAWRENCE'S MOTION TO QUASH

Comes now Plaintiff Gabriela Nieves, by counsel, and pursuant to the Court's Order of May 4, 2021 [Doc. 109], now makes her Sur-Reply in Support of her Response in Opposition to Non-Party Ray Lawrence's Motion to Quash, stating as follows:

1. On April 13, 2021, Non-Party Ray Lawrence filed a Motion to Quash a deposition subpoena served by Ms. Nieves. [Doc. 98.] Generally, Mr. Lawrence alleged that appearing for a deposition would be unduly burdensome to him, but rather than describe what the burden would be, he argued that his relationship to Defendant Carmel Clay Schools was too attenuated to be of any relevance. [*See id.*]

2. In support of his Motion, Mr. Lawrence signed a "Declaration" in which he affirmed under the penalties for perjury, that the following statements were true:

   a. "I voluntarily resigned my position with Carmel's women's swimming team in the Fall of 1991[;]" and

1

    b. "I voluntarily resigned my position with Carmel's men's swimming team in the Spring of 1994."

[Doc. 98-2, ¶¶ 2 and 3.]

3. On April 19, 2021, Ms. Nieves responded to Mr. Lawrence's Motion to Quash. [Doc. 102.]

4. On April 23, 2021, Jonathan Little, one of the attorneys for Ms. Nieves, was contacted by one Jim Dawson, an attorney at Taft Stettinius & Hollister LLP, who represents a woman ("Jane Doe"[1]) who alleged she had been sexually abused by Mr. Lawrence several decades ago, when she was a high school student. [*See* Ex. A, Affidavit.]

5. According to Ms. Doe, neither Mr. Lawrence's 1991 resignation nor his 1994 resignation was "voluntary" in the usual sense of the word; rather, the resignations were in response to demands made by Ms. Doe's parents after they learned Mr. Lawrence had sexually molested their daughter and confronted him with the allegations. [*See* Ex. A, ¶¶ 12-16.] His 1994 resignation did not come until after Ms. Doe's parents "repeatedly approached [him] about his agreement to resign[.]" [Ex. A, ¶ 18.]

6. Before Ms. Nieves could do anything with this new information from Mr. Dawson, Mr. Lawrence filed a Reply in Support of the Motion to Quash. [Doc. 105.] In support of his Reply, Mr. Lawrence signed a "Supplemental Declaration," again under

---

[1] Ms. Doe's name is redacted from her attached affidavit (Ex. A) – she does not want her identity publicly known; Ms. Nieves' counsel will send an unredacted copy of the affidavit to the Court and all counsel.

the penalties for perjury. [Doc. 105-1.] In this Declaration, Mr. Lawrence affirmed that the following facts were true:

    a. "USA Swimming did not provide me with a copy of the complaint made against me or identify the complainant[;]" and

    b. "I never knew Richard Rice and never worked with him."

[Doc. 105-1 at ¶¶ 7 and 12.]

7. Ms. Nieves' attorney forwarded a copy of Mr. Lawrence's Supplemental Declaration to Mr. Dawson, who reviewed it with Ms. Doe. She considered the foregoing allegations false or misleading for the following reasons:

    a. The USA Swimming investigator had informed her that Mr. Lawrence "did not deny and, in fact, substantiated and admitted the allegations against him including that he had sexually molested [Ms. Doe] as a minor and had sexual intercourse with [her] while [she] was a student at Carmel High School"; and

    b. Ms. Doe and Richard Rice were students at Carmel High School during the same time and she recalls him being associated with the Carmel High School Swim Team as well, for which Ray Lawrence was the boys and girls coach.

[Ex. A, ¶¶ 20-22, 24.]

8. In addition to Ms. Doe's statements, from a legal standpoint, it is exceedingly unlikely that USA Swimming did not provide Mr. Lawrence with the complaint made against him or identify the complainant and that, based on no substantive information at all, he waived his right to a hearing.

9.  Mr. Lawrence's lack of candor is disruptive to the judicial process and would seem to do little to further his arguments in favor of quashing the subpoena.

10. In neither of his Declarations does Mr. Lawrence describe how a deposition would cause him any undue burden.

WHEREFORE Plaintiff prays that the Court deny non-party Ray Lawrence's Motion to Quash and for all other relief just and proper in the premises.

Respectfully submitted,

s/ *Jonathan Little*
Jonathan Little, jon@sllawfirm.com
Saeed & Little, LLP
#189 – 133 West Market Street
Indianapolis, IN 46204
(317) 721-9214

CERTIFICATE OF SERVICE

I certify that the foregoing was filed using the Court's CM/ECF System on the date electronically stamped in the header. Service will be made on all ECF-registered counsel of record by operation of the same system.

s/ *Jonathan Little*
Jonathan Little