UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIELA NIEVES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No: 1:20-cv-00320-JMS-DML |
| CARMEL CLAY SCHOOLS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**NON-PARTY RAYMOND M. LAWRENCE'S MOTION TO SEAL DECLARATIONS**

Non-Party Raymond M. Lawrence, by counsel, respectfully submits this memorandum in support of his *Motion to Seal Declarations* and respectfully requests that the Court order the Clerk to file under seal the four Declarations [Dkts. 98-2, 105-1, 110-1, 111-2] associated with the briefing on *Non-Party Raymond M. Lawrence's Motion to Quash Subpoena to Testify at a Deposition in a Civil Action* ("Motion to Quash"). In support of this Memorandum, Mr. Lawrence states as follows:

**I.      INTRODUCTION**

Because the Declarations submitted as part of the briefing on Mr. Lawrence's Motion to Quash in this case provide information of "miniscule" relevance to these case, but include incredibly sensitive, disputed, and potentially legally perilous information related to Mr. Lawrence, there is more than sufficient good cause to place these Declarations under seal, and the Court therefore should instruct the Clerk to place each of these Declarations under seal in their entirety. [Dkt. 112 at 8].

## II. PROCEDURAL BACKGROUND

On March 30, 2021, Plaintiff Gabriela Nieves, by counsel, served the *Subpoena to Testify at a Deposition in a Civil Action* and *Memorandum* ("Subpoena") in this case on Mr. Lawrence. [Dkt. 98-1].

On April 13, 2021, Mr. Lawrence filed his *Motion to Quash Subpoena to Testify at a Deposition in a Civil Action* and *Memorandum*. [Dkts. 97–98]. This Motion included as Exhibit B the Declaration of Raymond M. Lawrence in Support of Motion to Quash Subpoena to Testify at a Deposition in a Civil Action. [Dkt. 98-2].

On April 19, 2021, Ms. Nieves filed her *Response in Opposition to Ray Lawrence's Motion to Quash*. [Dkt. 102].

On April 26, 2021, Mr. Lawrence filed his *Reply in Support of Motion to Quash Subpoena to Testify at a Deposition in a Civil Action*. [Dkt. 105]. This Reply included as Exhibit C the Supplemental Declaration of Non-Party Raymond M. Lawrence in Support of Motion to Quash Subpoena to Testify at a Deposition in a Civil Action. [Dkt. 105-1].

On May 7, 2021, Ms. Nieves filed her *Sur-Reply in Support of Her Response in Opposition to Non-Party Ray Lawrence's Motion to Quash*. [Dkt. 110]. This Sur-Reply included as Exhibit A the Affidavit of Jane Doe. [Dkt. 110-1].

On May 12, 2021, Mr. Lawrence filed his *Non-Party Raymond Mr. Lawrence's Motion for Leave Sur-Surreply in Support of Motion to Quash Subpoena* ("Sur-Surreply) [Dkt. 111], which the Court granted on May 14, 2021. [Dkts. 112, 113]. Mr. Lawrence's Sur-Surreply included as Exhibit G the Second Supplemental Declaration of Raymond M. Lawrence in Support of Motion to Quash Subpoena. [Dkt. 111-2].

On May 14, 2021, the Court issued its *Order on Non-Party Ray Lawrence's Motion to Quash Deposition Subpoena* Duces Tecum ("Order"), quashing the Subpoena in its entirety. [Dkt. 112].

### III. ANALYSIS

**A. Good cause for sealing the Declarations exists because they contain completely irrelevant and extremely sensitive as well as potentially perilous information, which falls under the category of "other information that is personal and sensitive to the individual parties or other individuals" under the terms of the Uniform Stipulated Protective Order.**

In quashing the Subpoena, the Court determined that "[t]he relevance of the requested discovery is miniscule, and the burden of compliance is high." [Dkt. 112 at 8]. The burden was particularly high because of the "potential peril" to Mr. Lawrence. *Id.* at 9. Specifically, "Ms. Nieves's demand for Mr. Lawrence's testimony about the molestation allegations against him raises the specter of legal peril with respect to Jane Doe, a strategy not appropriate in this case where he is a non-party and the allegations against him have little or nothing to do with this case." *Id.*

Moreover, the Court specifically noted that "[t]he factual assertions in these filings revolve almost entirely around conduct that occurred over thirty years ago involving individuals who are not parties to this case, and they do nothing to advance the pertinent issues in this case—even as framed by the plaintiff . . . ." [Dkt. 112 at 10]. As the factual assertions in the filings related to Mr. Lawrence's Motion to Quash "do nothing to advance the pertinent issues in this case" [Dkt. 112 at 10], neither do these Declarations.

The Declarations filed with the briefing—on which the factual assertions in the filings revolve on Mr. Lawrence's Motion to Quash—originated from non-parties to this

3

case and detail multiple, incredibly sensitive allegations of criminal and other activity that Mr. Lawrence disputed as well as multiple allegations based on double and triple hearsay. *See* Dkts. 98-2, 105-1, 110-1, 111-2 (collectively, the "Declarations"). Significantly, in the Court's Order, the Court chose not to resolve the conflicting allegations in these Declarations; thus, there have been no findings as to the merits of these Declarations. Instead, "[t]o the extent the affidavits [were] in conflict," the Court "credit[ed] the statements in the Jane Doe affidavit solely for purposes of resolving Mr. Lawrence's motion to quash." [Dkt. 112 at 1]. Thus, the highly irrelevant and sensitive allegations in these Declarations remain disputed.

In addition, there is further concern for the privacy of Ms. Doe, a non-party to this litigation. Counsel for Mr. Lawrence has been informed that Exhibit G to his *Sur-Surreply in Support of Motion to Quash Subpoena* [Dkt. 111-2] inadvertently included information that Jane Doe's counsel believes could potentially reveal Ms. Doe's identity. Given Ms. Doe's requests for privacy, which have been honored by the Court and the parties, it is all the more appropriate to place each of these associated Declarations under seal. *See Marine Travelift, Inc. v. Marine Lift Sys.*, No. 10-C-1046, 2014 U.S. Dist. LEXIS 19811, at *7–8 (E.D. Wis. Feb. 18, 2014).

Especially considering Mr. Lawrence's and Ms. Doe's status as nonparties in this case, this completely irrelevant, extremely sensitive, and potentially perilous information should qualify as "other information that is personal and sensitive to the individual parties or other individuals" under the *Uniform Stipulated Protective Order* that this Court previously entered in this case. [Dkt. 59 at 1]. Thus, the Court should allow these Declarations to be marked confidential and placed under seal in their entirety per the *Uniform Stipulated Protective Order*.

4

**B.      Even if the Uniform Stipulated Protective Order does not apply, good cause still exists for filing these Declarations under seal given their lack of any relevance to this case and their incredibly sensitive nature.**

Even if the *Uniform Stipulated Protective Order*'s protections are inapplicable to these Declarations, good cause still exists for sealing these Declarations in their entirety based on their lack of relevance to this case and their incredibly sensitive nature.

The allegations contained in these Declarations "do nothing to advance the pertinent issues in this case" [Dkt. 112 at 10], and there is therefore no legitimate use for the Declarations in this litigation, particularly considering the Court quashed the Subpoena based on the briefing including these Declarations. Considering the lack of any relevance to either party's claims or defenses in this case, the deponents' status as non-parties in this case, and the incredibly sensitive and legally perilous nature of the specific allegations contained within these Declarations, good cause exists for placing each of these Declarations under seal in their entirety. *See, e.g.*, Entry Regarding *In Camera* Review of Notes and Protective Order at 2, *Castrillon v. St. Vincent Hospital & Health Care Ctr., Inc.*, No. 1:11-cv-430-WTL-DML (S.D. Ind. Jan. 31, 2013), ECF No. 149 (restricting access to discovery documents because although they were "relevant in the broadest discovery context," "the court is sensitive to the possibility that these notes may ultimately not be legitimately useful in this case and that, given their sensitive and prejudicial nature, should not be disclosed beyond plaintiff's counsel").

Mr. Lawrence therefore respectfully requests that the Court direct the Clerk to file each of these Declarations under seal in their entirety. [Dkts. 98-2, 105-1, 110-1, 111-2].

5

## C. Compliance with L.R. 5-11(d).

Mr. Lawrence has filed cover sheets for each of these Declarations as well as a proposed order contemporaneously with this Motion and Memorandum. He has not included publicly redacted versions of these Declarations, as he has requested that the Court place these Declarations under seal in their entirety. However, if the Court denies Mr. Lawrence's request that these documents be sealed in their entirety, he respectfully requests an opportunity to provide a public version of these Declarations.

Although Defendant Carmel Clay Schools has no objection to the sealing of these Declarations in their entirety per Jane Doe's request that her privacy and identity be protected, it is Mr. Lawrence's understanding that as of May 21, 2021, Plaintiff objects to placing the Declarations under seal.

## IV. **CONCLUSION**

Accordingly, Non-Party Raymond M. Lawrence, by counsel, respectfully requests that the Court direct the Clerk to permanently file the following Declarations under seal in their entirety:

(a) Dkt. 98-2: Declaration of Raymond M. Lawrence in Support of Motion to Quash Subpoena to Testify at a Deposition in a Civil Action, Exhibit B to *Non-Party Raymond M. Lawrence's Motion to Quash Subpoena to Testify at a Deposition in a Civil Action*;

(b) Dkt. 105-1: Supplemental Declaration of Non-Party Raymond M. Lawrence in Support of Motion to Quash Subpoena to Testify at a Deposition in a Civil Action, Exhibit C to *Non-Party Raymond M. Lawrence's Reply in Support of Motion to Quash Subpoena to Testify at a Deposition in a Civil Action*;

(c) Dkt. 110-1: Affidavit of Jane Doe, Exhibit A to *Plaintiff's Sur-Reply in Support of Her Response in Opposition to Non Party Ray Lawrence's Motion to Quash*; and

(d) Dkt. 111-2: Second Supplemental Declaration of Raymond M. Lawrence in Support of Motion to Quash Subpoena, Exhibit G to *Non-Party Raymond Mr. Lawrence's Sur-Surreply in Support of Motion to Quash Subpoena.*

Mr. Lawrence further requests all other just and proper relief.

Respectfully submitted,

*s/ Sandra L. Blevins*
Sandra L. Blevins, Atty. No. 19646-49
Courtney E. Endwright, Atty. No. 30557-49

*Attorneys for Nonparty Raymond M. Lawrence*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Sandra L. Blevins*
Sandra L. Blevins

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com